1   EDMUND G. BROWN JR.
    Attorney General of the State of California
2   DAVID S. CHANEY
    Chief Assistant Attorney General
3   FRANCES T. GRUNDER
    Senior Assistant Attorney General
4   JONATHAN L. WOLFF
    Supervising Deputy Attorney General
5   MICHAEL J. QUINN, State Bar No. 209542
    Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA  94102-7004
7    Telephone: (415) 703-5726
     Fax: (415) 703-5843
8    Email:  Michael.Quinn@doj.ca.gov

9   Attorneys for Defendants Nilsson, Beatty, Martin,
    Chavez, Atchley, M. Moore, Neotti, Evans, Ponders,
10  E. Moore, Hernandez, Boccella, Celaya, Mensing,
    Caropreso, and Medina

11

12                  IN THE UNITED STATES DISTRICT COURT

13              FOR THE NORTHERN DISTRICT OF CALIFORNIA

14                        SAN FRANCISCO DIVISION

15

| | |
|---|---|
| 16   **LORENZO FOSSELMAN, Jr.,** | C 07-2606 PJH (PR) |
| 17                                     Plaintiff, | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO** |
| 18          **v.** | **DISMISS UNDER RULE 12(b); SUPPORTING** |
| 19   **M. S. EVANS, et al.,** | **MEMORANDUM OF POINTS AND AUTHORITIES** |
| 20                                    Defendants. | |

21

22      **TO PLAINTIFF LORENZO FOSSELMAN, Jr., IN PRO SE:**

23      **PLEASE TAKE NOTICE** that Defendants Nilsson, Beatty, Martin, Chavez, Atchley, M.

24  Moore, Neotti, Evans, Ponders, E. Moore, Hernandez, Boccella, Celaya, Mensing, Caropreso,

25  and Medina (Defendants) move this Court to dismiss Plaintiff's 42 U.S.C. § 1983 action for

26  failure to exhaust administrative remedies under the non-enumerated portion of Rule 12(b) of the

27  Federal Rules of Civil Procedure, as mandated by the Prison Litigation Reform Act (PLRA), 42

28  U.S.C. § 1997e(a).

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                    L. Fosselman v. Evans, et al.
                                                                  C 07-2606 PJH (PR)

                                        1

1    Please take further notice that the Court may look beyond the pleadings and decide disputed

2    issues of fact when ruling on Defendants' non-enumerated Rule 12(b) motion. *Wyatt v. Terhune*,

3    315 F.3d 1108, 1119-20 (9th Cir. 2003). Additionally, Plaintiff may provide evidence to the

4    Court to dispute that which is presented by Defendants. *Id.* at n.14.

5    This motion is based on this notice of motion, the supporting memorandum of points and

6    authorities, the supporting declarations and exhibits, and the pleadings and records on file with

7    the Court.

### MEMORANDUM OF POINTS AND AUTHORITIES

### STATEMENT OF THE CASE

10    Plaintiff Lorenzo Fosselman, Jr. (Plaintiff) is an inmate in the custody of the California

11    Department of Corrections and Rehabilitation (CDCR), and is currently housed at Salinas Valley

12    State Prison (SVSP) in Soledad, California. In his Complaint, which was initially filed on May

13    16, 2007, Plaintiff admits that he refused to participate in an interview process that prison

14    authorities had instituted in order to investigate rumors that violence was being planned against

15    guards. (*See, e.g.,* Compl. ¶¶ 25-26.) Plaintiff alleges that Defendants retaliated against him and

16    violated his First Amendment and Due Process Clause rights due to his refusal to participate in

17    an interview. (*Id.* ¶¶ 51-58.)

18    On November 7, 2007, this Court screened Plaintiff's Complaint under 28 U.S.C. § 1915A.

19    (Order of Service.) The Court found that Plaintiff's allegations were "sufficient to require a

20    response." (*Id.*)

21    Defendants now submit this motion to dismiss Plaintiff's action under the non-enumerated

22    portion of Rule 12(b) due to Plaintiff's failure to exhaust his administrative remedies before

23    filing suit as required under the Prison Litigation Reform Act (PLRA). 42 U.S.C. § 1997e(a).

### STATEMENT OF FACTS

25    **A.    Plaintiff's Complaint**

26    Plaintiff alleges that on September 15, 2006, SVSP's "C" facility was placed on

27    "lockdown" due to several weapons-related incidents at the facility. (Compl. ¶ 22.) About a

28    month later, Defendant Martin allegedly informed Plaintiff that he had to be interviewed

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                L. Fosselman v. Evans, et al.
                                                                    C 07-2606 PJH (PR)

1   "concerning incidents involving weapons and disruptive group activities." (Compl. ¶ 25.)

2   Plaintiff refused to be interviewed, stating that he was "against snitchin'," and that such an

3   interview would be "against [his] belief system." (Compl. ¶ 26.) Plaintiff was allegedly told that

4   if he did not participate in the interview, he would remain on modified program indefinitely.

5   (Compl. ¶ 28.)

6       During the next several months, Plaintiff remained on "modified program" and was denied

7   visits, quarterly packages, and phone calls due to his refusal to participate in the interview

8   process and assist SVSP staff with their internal investigations. (*See, e.g.,* Compl. ¶¶ 36-38, 45.)

9   Plaintiff also received several "counseling chronos" and rules violation reports concerning his

10  refusal to be interviewed by prison officials. (*See, e.g.,* Compl. ¶¶ 42-43, 50.)

11      According to Plaintiff, by issuing rules violation reports and counseling chronos,

12  Defendants were in the "active process of conspiring to validate Plaintiff as a member or

13  associate of a prison gang, as such they could justify transfering [sic] him to a security housing

14  unit (SHU) indefinitely." (Compl. ¶ 50.)

15  **B.    California's Inmate Appeals Process.**

16      The State of California provides inmates in its custody with an extensive administrative

17  process to challenge any matters that the inmates "can demonstrate as having an adverse effect

18  upon their welfare." *See* Cal. Code Regs. tit. 15, § 3084.1(a); § 3084.5. To submit an

19  administrative grievance, the inmate initially uses "a CDC Form 602 . . ., Inmate/Parolee Appeal

20  Form, to describe the problem and action requested" and can attach one continuation page and

21  other documentation, if necessary. *See* Cal. Code Regs. tit. 15, § 3084.2(a). The California

22  administrative process provides the inmate with four levels of review: (1) informal resolution, (2)

23  first formal level review, (3) second formal level review by the institution head or designee, and

24  (4) third formal level review by a designated representative of the Director of the California

25  Department of Corrections and Rehabilitation under supervision of the chief of the inmate

26  appeals branch. *See* Cal. Code Regs. tit. 15, § 3084.5. An inmate must submit the appeal within

27  15 working days of the event or decision being appealed, or of receiving an unacceptable lower

28  level appeal decision. *See* Cal. Code Regs. tit. 15, § 3084.6. Pursuing an appeal through the

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                L. Fosselman v. Evans, et al.
                                                             C 07-2606 PJH (PR)

1   lower levels of review and receiving a final decision from the Director's level satisfies the

2   exhaustion requirement under 42 U.S.C. § 1997e(a). *See* Cal. Code Regs. tit. 15, § 3084.5; *Ngo*

3   *v. Woodford*, 126 S. Ct. 2378, 2383 (2006).

4       As described more fully below, a review of the relevant CDCR records demonstrates that

5   Plaintiff failed to satisfy the exhaustion requirement in this case. (Decl. of N. Grannis Supp.

6   Defs.' Mot. Dismiss (Decl. N. Grannis), Ex. A at AGO-001 to AGO-002.)

7                           **ARGUMENT**

8

      **THIS ACTION MUST BE DISMISSED, AS PLAINTIFF HAS FAILED TO EXHAUST**

9                **HIS ADMINISTRATIVE REMEDIES BEFORE FILING SUIT.**

10   **A.**   **Standard of Review.**

11       An inmate's failure to exhaust administrative remedies as required by the Prison Litigation

12   Reform Act is a matter in abatement properly raised in an unenumerated 12(b) motion. *See* Fed.

13   R. Civ. P. 12(b); *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). "In deciding a

14   motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the

15   pleadings and decide disputed issues of fact." *Id.* at 1119-20. If the court determines that the

16   inmate has not exhausted his administrative remedies, the case should be dismissed without

17   prejudice. *Id.*

18   **B.**   **The Mandatory Exhaustion Requirement under the Prison Litigation Reform**
           **Act.**

19

20       In the Prison Litigation Reform Act of 1995 (PLRA), Congress amended 42 U.S.C. §

21   1997e(a) and imposed an exhaustion requirement on suits by prison inmates. *See Porter v.*

22   *Nussle*, 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The amended

23   42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions

24   under 42 U.S.C. § 1983 of this title, or any other Federal law, by a prisoner confined in any jail,

25   prison, or other correctional facility until such administrative remedies as are available are

26   exhausted." 42 U.S.C. § 1997e(a). "The current exhaustion provision differs markedly from its

27   predecessor" and is "invigorated." *Porter*, 534 U.S. at 524. It applies to "all inmate suits about

28   prison life, whether they involve general circumstances or particular episodes." *Id.* at 532.

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                  L. Fosselman v. Evans, et al.
                                                              C 07-2606 PJH (PR)

4

1    The exhaustion requirement "is now mandatory" and is "a prerequisite to suit." *Porter*, 534

2  U.S. at 524. Furthermore, the prisoner must exhaust the administrative remedies *prior* to filing

3  suit, and exhaustion "subsequent to the filing of the suit will not suffice." *McKinney v. Carey*,

4  311 F.3d 1198, 1199 (9th Cir. 2002). When there is no pre-suit exhaustion, the district court is

5  required to dismiss the complaint without prejudice. *Id.* at 1200-01; *Wyatt*, 315 F.3d at 1120.

6  Further, the Ninth Circuit requires exhaustion to be completed before any papers in federal court

7  are filed, stating that "[t]he bottom line is that a prisoner must pursue the prison administrative

8  process as the first and primary forum for redress of grievances" and "may initiate litigation in

9  federal court only after the administrative process ends and leaves his grievances unredressed."

10  *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006).

11  **C.    Plaintiff Failed to Exhaust His Administrative Remedies Before Initiating the
       Instant Action.**

12

13    Plaintiff claims that he exhausted "all available administrative appeals at SVSP starting

14  November 9, 2006." (Compl., Section VII.) However, a review of the inmate appeals branch's

15  records concerning Plaintiff establishes that he failed to exhaust his administrative remedies in

16  this case. The CDCR's Inmate Appeals Tracking System indicates that Plaintiff did not exhaust

17  any administrative appeal at any time during 2006. (Decl. N. Grannis, Ex. A at AGO-001 to

18  AGO-002.) Moreover, the first inmate appeal that he exhausted in 2007 occurred on June 20,

19  2007. (*Id.*) Plaintiff initially filed this action on May 16, 2007, more than one month before he

20  exhausted any administrative remedies that were available to him. Accordingly, because Plaintiff

21  failed to exhaust his claims before filing this action, the action must be dismissed without

22  prejudice. *Ngo*, 126 S. Ct. at 2387.

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                    L. Fosselman v. Evans, et al.
                                                                C 07-2606 PJH (PR)

5

## CONCLUSION

Defendants respectfully request that this Court dismiss Plaintiff's case without prejudice because he failed to exhaust his administrative remedies regarding the claims in this case before filing this action as required under the PLRA. 42 U.S.C. § 1997e(a).

Dated: February 29, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

FRANCES T. GRUNDER
Senior Assistant Attorney General

JONATHAN L. WOLFF
Supervising Deputy Attorney General


MICHAEL J. QUINN
Deputy Attorney General
Attorneys for Defendants
Attorneys for Defendants Nilsson, Beatty, Martin, Chavez, Atchley, M. Moore, Neotti, Evans, Ponders, E. Moore, Hernandez, Boccella, Celaya, Mensing, Caropreso, and Medina

40211860.wpd
SF2007403391

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.     L. Fosselman v. Evans, et al.
C 07-2606 PJH (PR)

6

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **L. Fosselman v. Evans, et al.**

No.:    **C 07-2606 PJH (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **February 29, 2008**, I served the attached

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS UNDER
RULE 12(b); SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**

**DECLARATION OF N. GRANNIS IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Lorenzo Fosselman Jr., P-13462
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960-1020**
Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **February 29, 2008**, at San Francisco, California.

| M.M. Argarin | |
|---|---|
| Declarant | Signature |

40223977.wpd