EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
JONATHAN L. WOLFF
Supervising Deputy Attorney General
MICHAEL J. QUINN, State Bar No. 209542
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 703-5726
  Fax: (415) 703-5843
  Email: Michael.Quinn@doj.ca.gov

Attorneys for Defendants Nilsson, Beatty, Martin, Chavez, Atchley, M. Moore, Neotti, Evans, Ponders, E. Moore, Hernandez, Boccella, Celaya, Mensing, Caropreso, and Medina

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LORENZO FOSSELMAN, Jr.,<br><br>              Plaintiff,<br><br>v.<br><br>M. S. EVANS, et al.,<br><br>              Defendants. | C 07-2606 PJH (PR)<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY DISCOVERY PENDING RULING ON DEFENDANTS' MOTION TO DISMISS** |

TO PLAINTIFF LORENZO FOSSELMAN, Jr., IN PRO SE:

**PLEASE TAKE NOTICE** that Defendants Nilsson, Beatty, Martin, Chavez, Atchley, M. Moore, Neotti, Evans, Ponders, E. Moore, Hernandez, Boccella, Celaya, Mensing, Caropreso, and Medina (Defendants) move this Court for an order staying all discovery until the Court has ruled on Defendants' Motion to Dismiss. The grounds for this motion are: (1) Plaintiff's discovery requests have no bearing on the issues to be decided in the motion to dismiss, and (2) it would be unduly burdensome for Defendants to respond to the discovery if Plaintiff is barred

Defs.' Not. Mot. & Mot. Stay Disc.           L. Fosselman v. Evans, et al.
C 07-2606 PJH (PR)

1

1  from proceeding in this case under the Prison Litigation Reform Act.

2  This motion is based on this notice of motion, the supporting memorandum of points and
3  authorities, the attached declaration, and the Court's file in this action.

### MEMORANDUM OF POINTS AND AUTHORITIES

### STATEMENT OF THE CASE

Plaintiff is a *pro se* state prisoner who is proceeding *in forma pauperis*. On February 22, 2008, Defendants moved to dismiss this action under the nonenumerated portion of Rule 12(b) of the Federal Rules of Civil Procedure, on the grounds that Plaintiff failed to exhaust his administrative remedies before filing suit, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). (Defs.' Mot. to Dismiss.) Plaintiff's Opposition to Defendants' Motion to Dismiss is due on April 28, 2008. (Order Extending Disp. Mot. Deadline.) If Defendants wish to file a reply in support of the motion to dismiss, they must do so by May 13, 2008. (*Id.*)

On February 1, 2008, Defendants' counsel received Plaintiff's request for production of documents. (Decl. of Quinn ¶¶ 2, 3.) The document requests do not bear on the issue raised in Defendants' motion to dismiss, namely, whether Plaintiff is barred from proceeding because of his failure to exhaust his administrative remedies. (*Id.* ¶ 4.)

### ARGUMENT

### DISCOVERY SHOULD BE STAYED PENDING DEFENDANTS' MOTION TO DISMISS.

Courts may issue protective orders to stay discovery for "good cause." Fed. R. Civ. P. 26(c). Good cause exists when the "burden or expense of the proposed discovery outweighs its likely benefit taking into account the needs of the case . . . and the importance of the proposed discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2).

Here, the motion to dismiss is based on the requirement that prisoners exhaust their administrative remedies before filing an action. 42 U.S.C. § 1997e(a). In the Motion to Dismiss, Defendants argue that because Plaintiff failed to exhaust his administrative remedies before filing suit, the action should be dismissed without prejudice. (Defs.' Mot. to Dismiss.) This Court should grant a stay because Defendants have moved for dismissal on grounds that are completely

Defs.' Not. Mot. & Mot. Stay Disc.                                      L. Fosselman v. Evans, et al.
                                                                        C 07-2606 PJH (PR)

2

1 unrelated to the discovery requests.[1/] Such a stay will allow Defendants to avoid the undue
2 burden of responding to Plaintiff's numerous discovery requests while the dispositive motion is
3 pending.
4     Alternatively, if the Court denies this motion, Defendants respectfully request that the Court
5 grant Defendants 30 days from the date of the Court's order to respond to the discovery requests.

## CONCLUSION

7     Defendants filed a Motion to Dismiss Plaintiff's Complaint due to Plaintiff's failure to
8 exhaust his administrative remedies before filing suit. A stay of discovery, including all
9 discovery motions, would be appropriate to prevent Defendants from having to undertake the
10 unduly burdensome task of responding to any additional discovery requests in a suit that was
11 filed prematurely.

12     Dated: February 29, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

FRANCES T. GRUNDER
Senior Assistant Attorney General

JONATHAN L. WOLFF
Supervising Deputy Attorney General

/s/ Michael J. Quinn

MICHAEL J. QUINN
Deputy Attorney General
Attorneys for Defendants
Attorneys for Defendants Nilsson, Beatty, Martin, Chavez,
Atchley, M. Moore, Neotti, Evans, Ponders, E. Moore,
Hernandez, Boccella, Celaya, Mensing, Caropreso, and Medina

40219651.wpd

---

1. Plaintiff's discovery requests concern the factual basis of Plaintiff's claims, and seek detailed information about the Defendants.

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   L. Fosselman v. Evans, et al.

No.:   C 07-2606 PJH (PR)

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **February 29, 2008**, I served the attached

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY DISCOVERY PENDING RULING ON DEFENDANTS' MOTION TO DISMISS**

**DECLARATION OF MICHAEL J. QUINN IN SUPPORT OF DEFENDANTS' MOTION TO STAY DISCOVERY**

**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Lorenzo Fosselman Jr., P-13462**
**Salinas Valley State Prison**
**P.O. Box 1050**
**Soledad, CA 93960-1020**
Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **February 29, 2008**, at San Francisco, California.

|                          |                          |
|--------------------------|--------------------------|
| M.M. Argarin             | *[signature]*            |
| Declarant                | Signature                |

40223981.wpd