# EXHIBIT A

1  Lorenzo Fosselman Jr. # P13462

2  P.O. Box 1050 (S.V.S.P.)

3  Soledad CA 93960

4      IN PRO-SE

5

6

7

8      IN THE UNITED STATES DISTRICT COURT

9    FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  Lorenzo Fosselman Jr,              Case No  C-07-2606  PJH (pr)
           Plaintiff

12

13    v.                             Plaintiff's First Request for
                                      Production of Documents, All
14                                    Defendants
15  M.S. Evans, et al.,
           Defendants
16

17

18      Pursuant To Rule 26 & Rule 34 of the federal Rules of

19  civil procedure, plaintiff requests that the defendants produce

20  the following documents. Please produce the documents to

21  plaintiff at Salinas Valley State prison (S.V.S.P), Soledad CA,

22  or at such place as all parties shall hereafter agree.

23  Please note that the Term "document" is defined

24  broadly in federal Rule of civil procedure 34(a)(1) and

25  includes the definition below.

26   "        "

27   "        "

28
   Pl's. 1st Prod. of Doc. Req.              Fosselman v. Evans et al.,
              1.                               C-07-2606 PJH (pr)

5.) Should you be unable to produce any of the documents called for in this request, because such document is no longer in your custody, control, or possession, please identify the document and the reason that you no longer have custody, control, or possession of said document.

6.) Should you be unable to produce any of the documents called for in this request, because such document are no longer in your custody, control, or possession, please identify the document & the person, department, subdivision, or subsidiary that does have custody, control, or possession of said document

7.) Should you wish to assert the attorney-client privilege, the work product privilege, or any other privilege as to any of the documents called for in this request, then as to each document subject to such privilege, please provide an identification of such document, including the name of the document the date of the document, the type of document, the author of the document, the receiver of the document, the names of all people who saw the original document, and a summary of the subject of the document in sufficient detail to allow the court to determine the validity of the assertion of the privilege, should the motion to compel be filed.

8.) Each paragraph in this request should be interpreted independently and not in relation to any other paragraph for

Pl' 1st prod. of docs. Req.        4.        Fosselman v. Evans et al.

(e.) The word "and" and "or" shall be interpreted in such a way as to bring within the scope of the specification all responses that otherwise might be interpreted as being outside its scope.

(f.) The term "each" shall be interpreted to include the word "every", and the word "every" shall be interpreted to include the word "each".

(g.) The word "any" shall be interpreted to include the word "all", and the word "all" shall be interpreted to include the word "any".

(h.) A plural noun will be interpreted to be a singular noun, and a singular noun will be interpreted as a plural noun, whenever needed to bring within the scope of the specification all responses that otherwise might be interpreted as being outside its scope.

3.) Produce each and every document in its original file folder, cover, envelope, or jacket, and write on that folder, cover or envelope or jacket the person or corporate office, department, subdivision, or subsidiary for which, by which and/or in which the file is maintained, or a complete and accurate copy of the document requested in the above manner.

4.) Should you be unable to produce any of the documents called for in this request, explain the reason that you cannot comply.

Pl' 1st Prod. of Doc. Req.            3.            Fosselman v. Evans et al...

<u>DEFINITIONS & INSTRUCTIONS</u>

1.) Unless specified otherwise, documents herein requested include all those which were dated, written, Re-written, created, modified, sent or received from July 14, 2005 until July 14, 2007

2.) The following definitions apply to this request:

(a.) The term "document" means any written, recorded, taped, typed, or word processed, whether produced, Re-produced, filed, or stored on paper, card, disk, tapes, belts, charts, films, cassettes, or any other medium & shall include books, booklets, pamphlets, brochures, statements, speeches, memos, notebooks, agreements, working papers, records, telegrams, journals, diaries, or summaries, & annual reports, & shall also include all drafts, originals and/or copies.

(b.) The term report means any written, recorded, taped, typed or word processed, whether produced, reproduced, filed, or stored on paper, card, disk, tapes, belts, charts, films cassettes, or any other medium, & shall includes books, booklets, pamphlets, brochures, statements, speeches, memos, note books, agreements, working papers, records, telegrams, journals, diaries, or summaries, & annual reports; & shall also include all drafts originals and/or copies.

(c.) The term 'defendants' mean, defendants 'Evans, Powers, Beatty, Martin, Chavez, Atchley, M. Moore, Neotti, E. Moore, Hernandez, Boccella, Celaya, Mensing, Caropreso and Medina, as well as Does 1-20.

"

Pl' 1ST Prod. of Doc. Req.

Fosselman V. Evans et al.
C-07-2606 PJH (PR)

2.

1. The purpose of limiting the Request.

2.

3. 9.) This Request is to be considered a continuing request
4. requiring the defendants to supplement the production of
5. document with any documents found or created after the
6. first production takes place.

7.

8. 10.) The defendants has the additional duty to correct any
9. errors that are uncovered after the original production
10. of documents takes place.

11.

12. 11.) Any questions that may arise as to this request for
13. documents may be directed by counsel for the defendants
14. to the undersigned plaintiff before the dates set for
15. the production of the documents that are the subject
16. matter of this request.

17.

18.                    DOCUMENTS REQUESTED

19.

20. 1.) All documents that describe, set forth, or refer to
21. plaintiff being a threat, or potential threat to staff ë/or the
22. safety ë security of the institution ë other prisoners,
23. including but not limited to plaintiff's classification
24. program status from the institutional classification committee
25. (ICC), or the unit classification committee (UCC) during
26. all times relevant to plaintiffs complaint.

27. " "

28. " "

2.) All documents that describe, set forth, or refer to how many times plaintiff received outdoor exercise & how many times plaintiff was denied outdoor exercise from September 2006, through April 2007.

3.) All documents that describe, set forth, or refer to plaintiff's rights and privileges being restricted between September 15th 2006 and April 22nd 2007, including but not limited to the captains approved for program list.

4.) All documents that describe, set forth, or refer to the identities of all prison officials who condoned, signed off on, authorized, or approved any of the alleged actions in the complaint against plaintiff during the relevant times.

5.) All documents that described, set forth, or refer to plaintiff promoting, assisting, or engaging in gang activity, or violence during the relevant times in the complaint.

6.) All documents that describe, set forth, or refer to plaintiff being a suspect, victim, or witness to any incidents of disorder, or misconduct, which would justify prison officials deeming plaintiff a threat to the safety & security of the institution, during all relevant times.

7.) All documents of incidents that plaintiff was required to interview about, or sign documents between September 15th 2006 and

pl's 1st Prod. OF DOCS REQ.

6.

Fosselman v. Evans et al.—

1  And April 22nd 2007, Including but Not limited To all of the
2  Interview/interrogation forms during all Relevant Times Mentioned in
3  Complaint.

5  8.) All documents that describe, set forth, or refer to any
6  of the defendants intent, arrangement, or purpose to change
7  plaintiff's work/privilege group status (as described in California
8  Code of regulations (CCR) Title 15. §3044) for declining to interview
9  or sign the 128 B chrono during the relevant Times.

11  9.) All documents that describe, set forth, or refer to the reasons
12  of why the California Department of Corrections & Rehabilitations
13  (CDCR) Legal Affairs Division instructed the Northern Region
14  prisons to cease using the 128b behavior expectations
15  chrono on or about March 13th 2000.

17  10.) All documents that describe, set forth or refer to intent
18  and purpose of the Mandatory forced interview process, and the
19  128 B Waiver of rights contract chrono.

21  11.) All documents that describe, set forth, or refer to evidence
22  That forcing/mandating plaintiff & other prisoners to sign
23  statements, or speak during the interview process, including but
24  not limited to the Departmental Operation Manual (D.O.M) § 55015
25  Which only relates & is relevant to the interview process &
26  Signing of statements & documents Related to prison incidents
27  & Rumors as Mentioned in the Complaint.

28

12.) All documents that describe, set forth, or refer to the procedural process, or due process that plaintiff received for the punishment/discipline restrictions to his rights &/or privileges between September 15th 2006 and april 22nd 2007, for declining to interview & sign documents as mentioned in the complaint.

13.) All documents that describe, set forth or refer to evidence that plaintiff was similarly situated as the other prisoners on C-facility at (SVSP) who were allowed full program during all times relevant in the complaint.

14.) All documents that describe, set forth, or refer to the CDCR knowledge of the substantial risk of serious bodily harm or possible death for being a prison snitch, or informant.

15.) All documents that describe, set forth, or refer to CDCR and/or S.V.S.P's procedures for providing prisoners outdoor exercise when being deprived for long periods of time while on lockdown or modified program & the prisoner has been confined in his cell for 6 weeks or longer.

Dated : January 28th 2008

Respectfully Submitted

Lorenzo Fessel Jr.

Lorenzo Fosselman Jr.
In Pro-se

Pl's 1st Prod. of Doc's. Req.

8.

Fosselman V. Evans et al. —
C. 07.2606  PJH (PR)

STATE OF CALIFORNIA
COUNTY OF MONTEREY

(C.C.P. SEC. 466 & 2015.5; 28 U.S.C. SEC. 1746)

I, _Lorenzo Fosselman Jr_ declare under penalty of perjury that: I am
the _Plaintiff_ in the above entitled action; I have read the foregoing documents
and know the contents thereof and the same is true of my own knowledge, except as to matters
stated therein upon information, and belief, and as to those matters, I believe they are true.

Executed this _29th_ day of _January_, 20_08_, at Salinas Valley State
Prison, Soledad, California 93960-1050.

(Signature) _Lorenzo Fossel Jr._
DECLARANT/PRISONER

---

PROOF OF SERVICE BY MAIL
(C.C.P. SEC 1013(a) & 2015.5; 28 U.S.C. SEC. 1746)

I, _Terrel B. Curry_, am a resident of California State Prison, in the County of
Monterey, State of California; I am over the age of eighteen (18) years and am/am not a party of
the above entitled action. My state prison address is: P.O. Box 1050, Soledad, California 93960-
1050.

On _January 29th_, 20_08_, I served the foregoing: _____
_1st Set of Production of Documents Request_
_Case No. C-07-2606 Fosselman V. Evans et al....._

(Set forth exact title of document(s) served)

On the party(s) herein by placing a true copy(s) thereof, enclosed in sealed envelope(s), with
postage thereof fully paid, in the United States Mail, in a deposit box so provided at Salinas
Valley State Prison, Soledad, California 93960-1050.

_Michael Quinn (Deputy Attorney General)_
_455 Golden Gate Ave Ste 11000_
_SF CA 94102_

(List parties served)

There is delivery service by United States Mail at the place so addressed, and/or there is regular
communication by mail between the place of mailing and the place so addressed.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: _1-29-08_, 20_08_,