1  Lorenzo Fosselman Jr. # P.13462

2  S.V.S.P.

3  P.O. Box 1050

4  Solebad CA 93960

FILED

APR - 4 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

5

6

7

8        IN THE UNITED STATES DISTRICT COURT

9      FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  LORENZO FOSSELMAN JR.              CASE No. C-07-2606 PJH (PR)

12          PLAINTIFF

13                                     PLAINTIFFS OPPOSITION

14  V.S.                               TO MOTION TO DISMISS

15

16  N.S. EVANS ET al....

17          DEFENDANTS

18

19     PLAINTIFF, LORENZO FOSSELMAN JR. Submits this opposition to

20  The defendants MOTION TO DISMISS, ON the grounds that defendants

21  are estopped from asserting "The failure To Exhaust defense

22  Under the prison litigation Reform Act"/(PLRA) due To defendants

23  own actions, of preventing plaintiff from exhausting. By Improperly

24  Screening out His grievances.

25          This opposition is based on The attached Memorandum

26  OF points and authorities, The Complaint and The Exhibits attached

27  To THEM ON File.

28  DATED:                              Respectfully Submitted
    MARCH · 28TH 2008
                                       Lorenzo Fosselman Jr.
                                       LORENZO FOSSELMAN JR
                                       IN PRO-SE

    Pl' Opp. To Mot. Dismiss.    (1.)   FOSSELMAN V. EVANS ET al...
                                        C-07-2606 PJH (PR)

I

## MEMORANDUM OF POINTS AND AUTHORITIES

### STATEMENT OF CASE

PLAINTIFF LORENZO FOSSELMAN Jr. A prisoner confined at Salinas Valley State prison (S.V.S.P) filed this Civil Rights Action against THE WARDEN M.S. EVANS, and Several prison officials at S.V.S.P for their illegal practices & policies of forcing plaintiff To participate in Threat Assessment interviews / Interrogations. requiring plaintiff To Speak in A certain fashion, & sign documents pertaining To other prisoners criminal conduct, when he declined To participate in such interviews, in the manner defendants deemed sufficient, they arbitrarily discriminated against him, in Retaliation for exercising his first Amendment Rights.

When he attempted To redress his grievances Through the administrative appeal system, Defendants Improperly "Screened-out" Some of his appeals, purposely To fustrate plaintiffs efforts, & deny him exhaustion. plaintiff was isolated in The Behavior Modification Unit (B.M.U.) Section of the prison, & denied Contact Visits with family & Supporters, Quarterly packages, special purchases, full Canteen draw, phone Calls, and denied any Outdoor exercise, or fresh Air for more than 25 weeks, in violation of the Eighth Amendment, Cruel and Unusual Punishment Clause of The Constitution.

II.

## STATEMENT OF FACTS

A.) Plaintiff first attempted to exhaust his administrative remedies in an inmate appeal (602) dated November 5th 2006, plaintiff wrote in his grievance, that he had been threatened by officer Martin on October 21st 2006, that if he did not provide information to him, plaintiff would lose privileges such as outside time to the yard, recieving packages, access to the canteen, and would be placed on Behavior Modification Status (SEE EX 'A'     ) In this appeal plaintiff stated that "He told staff he did not know anything & didn't have any information for them." Defendant Martin left plaintiffs cell that day angry, and returned early the follow-ing morning with defendant Caropreso & one other unidentified c/o, and ordered plaintiff & his cell-mate out of their cell for a random "shake down" which plaintiff believed to be in retaliation for his not 'interviewing & signing the documents, staff wanted him to, promising to behave, the day prior. His cell was ransacked and his property left in shambles. In this same appeal reference was made to the memorandum attached to the appeal, in which the internal affairs division had instructed the institution to cease the practice of requiring prisoners to sign chronos. This appeal was submitted by plaintiff on November 9th 2006, when He gave it to the floor staff at mail pick-up that night.

Plaintiff received a CDCR-695 form defendant E. Medina the appeals coordinator dated November 14th 2006, 'screening-out' His appeal, for not meeting time constraints (see; <u>CDCR 695 dated 11-14-06 lodged herein as Ex 'B'</u>     )

defendant Medina noted that the date of the search was 10-22-06, and the date the appeal was received was 11-14-06, plaintiff responded to the "screen-out" in compliance with the rules, by returning the form with an explanation to the appeals coordinators office, plaintiff wrote in his objection that he submitted the appeal on Nov' 9th 2006 by giving it to [an] officer at mail pick up well within the "15 working days" noting it was not his fault that the mail room may have been backed up due to the holiday weekend, and asserting that the appeals coordinator (E. Medina) had not properly added the number of working days [SEE: plaintiffs response/objection dated Dec 3rd 2006 lodged herein as EX "B"].

   Despite plaintiffs explanation, this appeal (Log# SVSP-C-06-03475) was "screened-out" again by defendant Medina for the same reason of time constraints not being met. On 1-9-07 is when the appeal was finally returned to plaintiff. The only alternative left for plaintiff at this point was to send a letter to I.A.B along with the appeal on 1-17-07 requesting the appeal be investigated & processed. (see letter of 1-17-07 to Inmate Appeals Branch lodged herein as EX "C".)

   On 4-13-07, the Inmate Appeals Branch (IAB) returned the documents relating to this appeal, refusing to address the issue (see EX "D") apparently because of E. Medias refusal to process it at SVSP, therefore the administrative appeal system was "unavailable" to plaintiff, due to no fault of his own.

``
``

B.) In an inmate appeal dated January 7th 2007, plaintiff submitted a grievance stating that because he (plaintiff) declined to "interview" on december 22nd 2006, with correctional officer Hernandez regarding "Some alleged conspiracy/incident" which he knew nothing about, he had received a memorandum from Captain G. powders restricting his privileges (see: Compl' Ex L pg 4,5 6,7.) The memorandum is inflammatory on its face stating:

"You, Inmate Fosselman, have been identified as either failing to Successfully complete the Interview process or Interviewing in such a fashion that staff cannot determine the threat you pose to staff or Inmates.... you will be placed at the bottom of the list to be Reviewed for program potential.... you will remain on Modified program to include personal hygiene, canteen draw, No quarterly packages, no special purchases.... you will be placed on Non Contact Visiting."

plaintiff challenged his privileges being Taken, given that he had not been Convicted of any rules violation. at that point. In the same appeal he also challenged the 128× chrono he received Surrounding his refusal To provide information (which he did not have) dated 12-28-06 (Compl' Ex L pg 6,7) The chrono did not Specify any loss of privileges as did the memorandum. How-ever it accused plaintiff of promoting The activity of "organized criminal/gang/disruptive group activity." It is departmental policy To place the

Memorandum and the 128A in A prisoner's central file, the record reflects at (compl' ex L pg 5,6,7) plaintiff attached both the Memorandum and the chrono to his appeal.

On 1-26-08 plaintiff received an inmate screening form rejecting his appeal, reason given by appeals coordinator was "No significant adverse effect demonstrated (compl' ex L pg 2) defendant Medina noted on the CDCR 695 form: "DOM confidential section 55015 requires plaintiff to participate in the interview process and the 128a chrono simply documents your refusal to interview the possible safety concerns," Medina never mentioned the memorandum from capt. powders, which was one of the issues plaintiff described in his appeal.

On 1-29-07 plaintiff responded with an objection to his appeal being "screened out", on the basis that having the 128A chrono in his c-file, about his allegedly promoting criminal gang activity ect... did constitute an adverse affect (compl' ex L pg 3) plaintiff further noted in his objection that the chrono states he's expected to comply with DOM confidential section § 55015, when he never seen it so how is he expected to comply. plaintiff also cited CCR Title 15 sub. sec. 3084.1 (a) which gave him the right to appeal any departmental, decision, action, policy or condition, which he could demonstrate as having an adverse effect upon his welfare, he again attached the (2) documents as evidence of the adverse effect he was grieving about. (compl' ex L pg 3 6,7).

Defendant Medina returned the form expressing his

disagreement with the objection plaintiff submitted, and
again refused to process his appeal stating again:"No
adverse effect - you have refused to comply w/ §55015,
staffs instructions to (illegible) the 128 simply documents the
actions you made on your own free will. (See: screenout
dated January 31st 2007, "Compl' Ex" L pg 2") again defendant
Medina failed to mention the memorandum authored by capt.
G. Ponders. curtailing all of plaintiffs privileges.

On 2-15-07, plaintiff with no other available administ-
ative remedies, in regards to this appeal, sent another letter
with the appeal & supporting documents to I.A.B (chief inmate
appeals branch) detailing the situation. They too, also
refused to investigate the matter, or process the appeal. (Compl'
Ex L pg 1 ) and (Decl' of N. Grannis In supp of Mot. To dismiss. "Ex A"
screenout IAB# 50 34165 on 2/23/07).

Plaintiff next submitted a grievance In which
he described defendant Medina "consciously stonewalling his
right to redress his legitimate grievances, exhaust his
administrative remedies, and in essence deny him access to
the courts." (See: Inmate appeal dated Feb 19th 2007, lodged
In Compl' as "Ex P pg 2") This appeal was also screened out for
raising more than one issue see:( CDCR-695 dated Feb 20th
2007, Compl' Ex pgs 1,3&4). From the appeals coordinator's
actions plaintiff believed therefore alledges defendant
Medina was a part of a conspiracy being waged
against him by the S.V.S.P. administration, and Mr.
Medinas role was to stonewall plaintiff's rights to

2  Redress his grievances, that Had Threatened To Expose
3  The prison administrations illegitimate coercisive tactics.
4  at that point in time, as to those appeals, No administrative
5  Remedies were "available" to plaintiff, even letters to the
6  warden M.S. Evans concerning His welfare & the state of the
7  appeals process were sent, see ("*Compl.* Decl of pl. at 13, 14 & 15) & (compl.
8  "Ex O")

9       On April 13th 2007 plaintiff received letter and appeal
10  returned from I.A.B rejecting directors review of the appeal
11  C-06-03475, thus all "available" administrative Remedies were
12  attempted and presented (see ex D ) on May 16th 2007
13  plaintiff filed this action pertaining only to (4) claims
14  of constitutional violations against 5 defendants, Evans
15  ponders; Celaya; Martin; & Carcpreso; Because all available
16  administrative remedies had been pursued in a proper
17  manner & improperly screened out in regards to those claims
18  Initially Brought on May 16th 2007, In compliance with the
19  PIRA.

20
21  / Footnote      Plaintiff didn't Amend his complaint until August 24th 2007 to
22  add an additional (10) claims & (11) more defendants, Neotti;
23  E. Moore; R. Broccella; M. Moore; Nilsson; Mensing; Atchely; Medina;
24  chavez; Beatty; Hernandez; and does 1-20. After all administr-
25  ative remedies had been exhausted pertaining to those new
26  Causes of actions & defendants. see: (Compl "Ex G" pg 12 ) and,
27  (Ex E    attached hereto.)
28

pl. opp. To Mot. To dismiss    (8.)         Fosselman V. Evans et al
                                             · · C07-2606 PJH(pr)

## III.

## ARGUMENT & LAW

### ~ STANDARD OF REVIEW ~

The procedures at issue in This Motion To dismiss is The PLRA's Exhaustion Requirement, This Requirement prohibits prisoners from bringing suites in The DISTRICT COURT before exhausting all "available" administrative Remedies. 42 U.S.C § 1997e(a).

A.) <u>PlaintifF's "Available" administrative Remedies WERE Exhausted Due To DEFENDANTS IMPROPERLY SCREENING Out His GRIEVANCES.</u>

1.) California prisoners are afforded The opportunity To administratively grieve any decisions or actions That adversely affect their welfare. (cal. code of REGS. Tit 15, §3084.1 subd(a))

2.) California Code of REGS. Tit 15 Section 3084.6 subd(c) States: An Appellant must submit The appeal within (15) Working days of the event, or decision, being appealed or of receiving an unacceptable lower level appeal decision.

In accordance with the Law above, plaintifF's <u>Nov'5TH 2006</u> appeal Was Timely submitted, and By The appeals Coordinator IMPROPERLY SCREENING out The appeal, He was prevented from "available" administrative Remedies.

IN THe appeal plaintifF described being Threatened by CORRECTIONAL OFFICER (C/o) MARTIN, ON OCTOber 21st 2006, and

Then MARTIN returned on Oct 22nd 2006, with two more officers and conducted a "retalitory strip search", resulting in his property being left in shambles, and the threat of further harassment if plaintiff did not participate in the interview process, In the way the officials deemed sufficient.

Under the Law plaintiff had 15 working days to 'submit' an appeal grieving MARTIN & Carcipresos actions, on Oct 21st & 22nd, (cal. code Regs. Tit. 15 #3084.6 subd(c)) therefore the 15th working day following the interview controversy, and cell toss fell on November 10th 2006, however in 06 veterans day was a state, and federal holiday, therefore Nov 10th was not a working day, and plaintiffs deadline was extended to Nov 13th, because friday was the 10th in 06 (see: 2006 Federal Holidays Calendar Lodged as EX __F__.)

Plaintiff's appeal was dated Nov 5th, and he states to have submitted it on Nov 9th, to an officer at mail pick-up, according to his objection to the screen-outs, and not denied by defendants, the mail delivery procedures are in the purview of the prison officials, and plaintiff had no control over what happens to his appeals once he places it into the hands of the persons responsible to deliver the mail. (see "ex B & C") Nevertheless the appeal was returned to him screened out, and stamped received by appeals coordinator E. Medina on Nov 14th 06, plaintiff returned the form explaining "he had in fact submitted it within the time period, indicating in the objection the possibility of the mail room was behind given the holiday, or shortage of staff". Again the appeal was screened out, without any investigation

2  into who took the appeal from plaintiff, to indicate if there
3  was any proof He did not submit the appeal Timely.

4       Defendants in their Motion to dismiss included a declaration
5  By N. Grannis, chief of Inmate appeals Branch (I.A.B) which does
6  not address the specific issue of whether the appeal was or
7  wasn't submitted on Time. N. Grannis fails to either address the
8  prisons mail delivery procedures, nor include any Evidence that
9  plaintiff did not submit the appeal on Nov 9th 2006. He also does
10  not address ~~such~~ How Prisoners being on lockdown, or Staff.
11  Shortages[2]/ Might affect How long it would Take the mail staff
12  to deliver the appeal to the appeals office.

13       In Exhibit "A" attached to N. Grannis declaration is a depart-
14  ment of corrections. Appellant appeal history form of plaintiff, which
15  reads the 3rd level ~~received~~ and screened out this appeal). (SVSP- 06
16  - 03475) on 1-24-07, with-out any investigation. Therefore plaintiffs
17  claim that He submitted the appeal on Nov 9th 2006, has not been
18  refuted in the Motion to dismiss by any evidence, The defendants
19  have the burden of Raising and proving a prisoners failure
20  to exhaust under the PLRA. See: Wyatt V. Terhune 315 F3d at 1119
21  To demonstrate a failure To exhaust. defendants must specify
22  which remedies remained available to plaintiff following the
23  appeals coordinators decision.

24       Notwithstanding the defendants failure To impeach The

25
_____

26  2/Footnote.
         Earlier in 06 plaintiff had appealed the mail delivery system, because
27  it was Taking 3 weeks for mail to Be delivered. Lieutenant J. Stevenson Interviewed
28  plaintiff & explained the mail Room often Times being swamped, & Backed up
   from staff shortages & Holidays (see: Ex G  Appeal Log# SVSP-L-06-00272)

THE claim, plaintiff also turns to the clear conflict in the California Code of Regulations Title 15 Sec. 3084.6 subd (a) & (c)

(a) STATES:

> "Commencement Time limits for submitting or reviewing Appeals shall commence upon the date of receipt of The appeal document by the appeals Coordinator or the appellant."

While (C) STATES:

> "Inmate* or parolees Response, An appellant must submit the appeal within 15 working days of The event or decision being appealed or of receiving an unacceptable lower level appeal decision."

It is well-established law when a statute has two possible interpretations the rules of lenity applies. (People V. Avery (2002) 27 Cal. 4th 49, 57.) Lenity requires courts to construe a statute in favor of the defendant[3] where the court can do no more than guess what the legislative body intended* and there is an egregious ambiguity and uncertainty to justify application of the rule. (Ibid.)

Plaintiff relies upon subdivision (C) of the statute, a reasonable reliance given that the California prisoner's handbook generally does the same. (The California state prisoners Handbook (3rd Edition) (Fatima MacKay.)

3/ Footnote

/ "In the administrative appeal CDCR-695 response the defendant would be plaintiff defending against the screen-out."

B.) THE JANUARY 7th 2007 appeal clearly was
     IMPROPERLY SCREENED-OUT

Plaintiff demonstrated an adverse effect upon his welfare
by attaching the Dec 22nd memo which outlined that all of
his privileges had been restricted. These privileges included
but were not limited to: Contact visits, canteen, packages, and
special purchases. also attached to the same appeal was the
128(a) in which plaintiff was being identified by staff as a
prisoner who promoted gang or organized violence, because of his
declining to participate in the staff conducted interview this
document will be in plaintiffs c-file, and may adversely
affect his treatment by staff, also plaintiff is serving a
life term with the possibility of parole. The board of prison
parole hearings considers all information in a prisoners c-file,
when considering a grant of parole. The presence of the 128A
describing gang activity will definately have an adverse
affect on his parole chances in future suitability hearings.
        Despite plaintiffs valid objections, again E. Medina
stonewalled this appeal too (Compl' EX L pg 2) after being
screened out for the 2nd Time on this appeal, plaintiff attempted
to submit it to the 3rd level at I.A.B. attached with
a letter detailing the problems he was dealing with
trying to properly exhaust his administrative remedies (Compl'
"EX L pg 1)
        N. Grannis rejected this appeal also at the directors
level with-out any investigation or explination on how he

2  Could get his appeal processed [SEE: DECL' OF N. GRANNIS at EX A

3  SCREEN OUT ON 2-23-07, MOT. TO DIS.] Therefore No further administ-

4  -rative remedies were left "available". SEE: FOULK Vs. CHARRIER,

5  262 F.3d 687 (8TH CIR 2001) citing MILLER V. NORRIS, 247 F3d 736, 740

6  (8TH CIR 2001) (["1997e(a)] does not require exhaustion of all

7  administrative remedies; it requires the exhaustion of 'such

8  administrative remedies as are available."))

9          In a further good faith effort To comply with

10  the PLRA plaintiff also wrote the WARDEN A LETTER (SEE Compl'

11  EX O pg1") To No Avail, after that He even attempted To Appeal

12  The appeals Coordinators actions of preventing His legitimate griev-

13  ances from being processed unjustly – af COURSE -this appeal was

14  also screened out. (Compl' EX Pg1, 2).

15          The evidence demonstrates that this isnt a

16  case in which plaintiff Tried To bypass the institutional

17  appeals process To come ~~directly~~ To Federal court. Instead

18  plaintiff attempted every alternative To get his grievances

19  addressed; and defendants closed all doors. SEE: ROURKE V

20  THOMPSON 11 F.3d 47, 51, 10. (5TH CIR 1993) noting the substantial

21  effort exception To exhaustion requirement; STah V. QUINLIN 901

22  F.2d 1241, 1244 (5TH CIR 1990) (commenting that a prisoner may

23  be excused from exhausting administrative remedies where

24  irregularities in the administrative process itself prevented

25  him from doing so) Holloway V. GUNNELL 685 F.2d 1050 (5TH CIR

26  1982) Administrative remedy is inadequate where prison officials

27  ignore, or interfere with prisoner's pursuit of relief."

28  "       "

FOSSELMAN V. EVANS ET al....
C-07-2606 PJH (Pr)

## IV.

## Conclusion

This motion to dismiss should be denied because defendants stonewalled and improperly screened out plaintiffs legitimate grievances. In an effort to deny him access to the courts

It's as the Ninth Circuit Justices stated in **NGO V. Woodford**, Prison administers should not be given an incentive to fashion grievance procedures which prevent or even defeat prisoners meritorious claims. <u>403 F.3rd 631.</u>

Dated - 3-29-08

Respectfully Submitted.

Lorenzo Fosselman Jr.
In pro-se

## DECLARATION OF LORENZO FOSSELMAN JR

I, Lorenzo Fosselman Jr. In proper declares as follows;

1.) I submitted the appeal dated Nov 5th 2006 to a night guard on Nov 9th 2006 at mail pick up time as is standard procedures during Lockdown.

2.) All exhibits attached to this opposition are TRUE copies of grievances & Responses as well as letters I submitted in an effort to exhaust my administrative remedies before filing this action.

3.) All screen out forms attached as exhibits are true copies I received through Institutional Mail from the appeals coordinator and the Inmate Appeals Branch (I.A.B)

I, Declare under penalty of perjury that the foregoing is True & correct executed this 29th day of March 2008, at Soledad CA. SVSP

Lorenzo Fosselman Jr.
LORENZO FOSSELMAN JR.

Pl' Decl' opp: Mot. To. dismiss    (1.)

Fosselman V. Evans et al.
. . . C-07-2606 PJH PR

APPEAL   LOG # SVSP C·06·03475
DATED NOV 5TH 2006

# Exhibit

A

OPP' TO MOT. TO DISMISS

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region _V2V3P C_   Log No. _06-03475_   Category _X 11_
1. _____ 2. _____     1. _____ 2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly. _Cell Search & unprof behavior_  _by Martin & Lopresso 10/21/06_

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| Fosselman, L | P 13462 | N/A | C-B 127 |

**A. Describe Problem:** On Oct 21st 2006 c/o Martin approached my cell C-B 126 and told me that I had to interview inorder to come off of modified program again. I told c/o Martin that I had no knowledge of anything, nor did I feel comfortable interviewing about other prisoners conduct. I specifically asked c/o Martin what reprisals would I face, should I not participate? c/o Martin informed me that I would lose all my privledges such as, (canteen, packages, special purchases, yard and contact visits)

If you need more space, attach one additional sheet.

RECEIVED NOV 1 4 2006

**B. Action Requested:** Request all my privledges restored, and that I not be subjected to these interview charges in the future. OR have my property destroyed or other in retaliation

RECEIVED DEC 0 4 2006

Inmate/Parolee Signature: _Fosselman, Lorenzo_     Date Submitted: _11-5-06_

**C. INFORMAL LEVEL** (Date Received: _____)

Staff Response: _____

BYPASS

Staff Signature: _____     Date Returned to Inmate: _____

BRANCH   JAN 24 2007   RECEIVED

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

Signature: _____     Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: *11-14-06*    Due Date: *12-29-06*

Interviewed by: _____

_____

_____

_____

_____

DELIVERED NOV 2 8 2006

_____

Staff Signature: _____    Title: _____    Date Completed: _____

Division Head Approved:    Returned

Signature: _____    Title: _____    Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____    Date Submitted: _____

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____    Due Date: _____

☐ See Attached Letter

Signature: _____    Date Completed: _____

Warden/Superintendent Signature: _____    Date Returned to Inmate: _____

H. If dissatisfied, ~~explain~~ reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

_____

_____

_____

_____

Signature: _____    Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

☐ See Attached Letter

Date: _____

CDC 602 (12/87)

and that might also be placed on (B.M.U) Behavior
modification. I once again told C/o Martin that I
didn't know anything, and that I've never seen any
thing in the Title 15. or the operations manual
That states staff can discipline an inmate for
not providing information / speaking or signing a
Compatibility / promising to Behave c/freno. I did not
feel comfortable interviewing about others prisoners
conduct, I do my own number, and I havent
had a 115 Since 2004 nor have I Been cought in
possession of any contraband. I've Been on the unlock
List Since January and have Been programing without
Bothering nobody.

        C/o Martin Stated If I didn't Sign the
paper, "That I knew Would happen," Because if I
percieved That To Be a Threat, I Informed him
I wasnt mandated To provide information To
assist Staff in gathering facts about any incidents.

    C/o Martin, Left my door with the appearance
of being upset, only To Return the very next
Morning Oct 22nd with C/o ~~CARDAPROSO~~ and one other
C/o I dont recall his name, declaring me & my
then celly To Step out for a Random search
which had To Be in Retaliation for my not
interviewing To C/o Martin's liking on 10·21·06
                                        (over) →

these 3 c/o rats(?) ... and ... property in shambles; I know this was an act of conversion and retaliation. an in no way random because on 10.3.06 my cell was searched thoroughly during an ~~the~~ institutional search for contraband.

There was no valid reason for c/o Martin & c/o ~~cardopresso~~ to search my cell other than to retaliate, there's no valid basis for punishing me for not wanting to interview and sign forms promising to behave, furthermore there's no regulations in the rehabilitative ~~objective~~ objective that allows staff to discipline or punish an inmate for not feeling comfortable and refusing to answer questions about the criminal conduct of other inmates. By these officers threating me wit taking reprisals, then also retaliating against me for not doing this; is clearly malfeasance

The legal affairs division has previously issued a memorandum to the administration on March 13th 2006 instructing them to cease the use of requiring inmates to sign these cronos (see Exhibit A) However they continue to do it!

Respectfully,
Fosselman
11-5-06

CDCR-695 - Screen-out form.

# Exhibit

"B"

OPP. TO MOT. TO DISMISS

State of California

**INMATE / PAROLEE APPEAL SCREENING FORM**    Department of Corrections and Rehabilitation

CDCR-695

INMATE: _Fosselman_    CDC #: _P-13462_    CDC HOUSING: _C8-127_

THIS IS *NOT* AN APPEAL RESPONSE – THIS APPEAL IS EITHER REJECTED FOR ONE OR MORE REASONS NOTED BELOW OR

RETURNED TO YOU TO ATTACH SUPPORTING DOCUMENTS.

## YOUR APPEAL IS BEING RETURNED TO YOU FOR THE FOLLOWING REASON(S):

[ ] Duplicate Appeal; Same Issue

[ ] Do Not Combine Staff Complaints with Other Issues

[✗] Time Constraints Not Met    _12-5-06_

[ ] Cannot Submit On Behalf Of another Inmate

[ ] No Significant Adverse Effect Demonstrated

[ ] Pointless Verbiage/Appeal is vague

[ ] Incomplete 602

[ ] Attempting to Change Original Appeal Issue

[ ] Not Authorized to Bypass Any Level

[ ] Request for Interview; Not an Appeal

[ ] Numerous and separate issues

[ ] Limit of One Continuation Page May Be Attached

[ ] Inappropriate Statements

[ ] Action / Decision Not Taken By CDCR

[ ] DRB Decisions Are Not Appealable

[ ] Appealing Action Not Yet Taken

[ ] May Submit One (1) Non-Emergency Appeal Per Week

[ ] Not A Request Form; Use CDCR-7362 – to access Medical

Services, submit your request on a CDCR-Form 7362.

If necessary, sign up for sick call.

[ ] Write your appeal in black or blue ink, this is a legal

document and pencil/inks other than black or blue do

not copy legibly

**PLEASE FOLLOW INSTRUCTIONS AND RETURN YOUR CDC 602 WITHIN 15 WORKING DAYS**

Comments: You may write on back of this form to clarify or respond to the above.

date of search = 10/22/06

date of Appeal = 11/14/06

THE ISSUE I'm Appealing TRAJSpired on 10-22-06

I Sent my Appeal Thru institution mail on

11-9-06 By giving it To officer At mail pick up.

Well within 15 working days. ITs of no fault of

petitioners what officers or mail Room staff do with

Appeal After submitted. possibly holiday weekend

caused Back log and delay. (4-Day weekend

further more: 10-23 Til 11-9 when submitted, is only

14 working days!

✗ Fosselman, 12-03-06

**Eloy Medina, CC-II**    Date: _11/14/06_

**Appeals Coordinator**

This screening action may not be appealed. If you allege the above reason is inaccurate, then attach an explanation
on a separate piece of paper, or use the back of this screen out – *do not write any more on the appeal itself.* Please
return this form to the Appeals Coordinator with the necessary information attached.

## PERMANENT APPEAL ATTACHMENT - *DO NOT REMOVE*

LETTER TO CHIEF INMATE APPEALS
RE: Appeal C-06-03475. Screened out
IMPROPERLY TWICE.

# Exhibit

" C "

OPP. TO MOT TO DISMISS

JANUARY 17th 2007

DIRECTOR OF CORRECTIONS
   P.O. Box 942883
SACRAMENTO CA 94283-0001


ATTN: Chief Inmate Appeals
   RE: 602 # SVSP C-06-03475, SCREENED OUT TWICE


      Im ATTEMPTING TO PROCESS MY APPEAL
HERE AT Salinas Valley Log # SVSP C-06-03475
CONCERNING A RETALIATORY CELL SEARCH, THE
INCIDENT TOOK PLACE ON OCTOBER 22nd 2006
   I SUBMITTED MY 602 TO 3rd WATCH floor
STAFF ON NOVEMBER 9th 2006, TO BE DELIVERED
TO THE APPEALS COORDINATOR'S office (VIA INSTITUTIONAL
MAIL)
      NOT TO LONG THEREAFTER, MY 602 WAS
RETURNED TO ME, from CC II E. MEDINA
ALLEGING, "I HAD FAILED TO MEET THE 15 day
TIME CONSTRAINTS.
      ON 12·03·06 I EXPLAINED, TO THE APPEALS
COORDINATOR, THAT from THE DATE of THE INCIDENT
(10·22, TIL 11·9·06) WAS ONLY 14 WORKING days
SEE. INMATE SCREEN OUT FORM:
      IT WAS of NO FAULT of MINE THAT
THE 10th And THE 13th of NOVEMBER WERE Holiday's
(VETRANS day) And MAIL HERE often TIMES gets

(1.)                                    →

Backed up in the Mail Room. Furthermore the only way I can submit a (602) is thru my floor staff, whatever happens in the mail room, is out of my control.

On 1-9-07 my 602 was once again screened out, by E. medina for the same purpose, It seems as if He's intentionally attempting to fustrate my efforts to Exhaust my grievance.

Can you order this prison to process my 602, because once you count the days you'll see, I am Indeed within the 15 working day time constraint to submit my appeal.

Respectfully Submitted

L. Fosselman

Lorenzo Fosselman
S.V.SP    P-13462
Soledad Ca  93960

NOTE.
The 602 was initially signed on Nov 5th 2006, Because that's when appeal was sent to Law Library for copying purposes. I Recieved it back on Nov 9th, and that's when I submitted it for processing.

RESPONSE FROM I.A.B. Refusing TO pROCESS
THE Appeal.

# Exhibit

"A"

Opp. TO MOT. TO Dismiss

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION          ARNOLD SCHWARZENEGGER, GOVERNOR

**_INMATE APPEALS BRANCH_**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



April 13, 2007


FOSSELMAN, CDC #P-13462
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020


Re: Institution Appeal Log #SVSP C-06-03475 Program

Dear Mr. FOSSELMAN:

The enclosed documents are being returned to you for the following reasons:

This office provides the Director's Level Review of inmate/parolee appeals.  The form must be completed through the Second Level of Review on behalf of the Warden or Parole Region Administrator.  This appeal issue should be submitted directly to the Appeals Coordinator for review and appropriate action.

Your assigned counselor, the Appeals Coordinator, or your Parole Agent can answer any questions you may have regarding the appeals process.  Library staff can help you obtain any addresses you need.


N. GRANNIS, Chief
Inmate Appeals Branch

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****