(2) DIRECTOR level Appeal DECISIONS
    RE: Rules Violation REPORTS

# Exhibit

E

Opp. To Mot. To Dismiss

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date:

In re:    Fosselman, P-13462
          Salinas Valley State Prison
          P.O. Box 1020
          Soledad, CA 93960-1020

          IAB Case No.: 0613580          Local Log No.: SVSP 07-01064

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner R. Floto. All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:** The appellant is submitting this appeal relative to CDC Form 115, Rules Violation Report (RVR), Log #C06-12-0043, dated December 26, 2006, for "Recurring Failure to Meet Program Expectations," a Division "F" offense. It is the appellant's position that he is not guilty of the RVR as charged. He alleges that the evidence does not support the charge. The appellant requests dismissal of the RVR.

**II    SECOND LEVEL'S ARGUMENT:** The reviewer found that the appellant was afforded all of his due process rights, including a fair and unbiased hearing. On December 26, 2006, the appellant refused to report to participate in the mandatory interview process at the institution after an incident. He was provided another opportunity and refused to comply. The appellant was found guilty based upon a preponderance of evidence by an impartial Senior Hearing Officer (SHO). The appellant is a participant in the Mental Health Services Delivery System at the Correctional Clinical Case Management System (CCCMS), and it was determined that his actions were not related to his condition and should not be considered in the penalty. The appellant did not meet the criteria for the assignment of an Investigative Employee to assist in the gathering of evidence. The appellant did not meet the criteria for the assignment of a Staff Assistant as there was no need for a confidential relationship; the issues are not complex; and the appellant is not illiterate and understands English. The appellant waived that witnesses be present at the hearing.

**III    DIRECTOR'S LEVEL DECISION:** Appeal is denied.

    **A.    FINDINGS:** The appellant was afforded all due process rights in the adjudication of the RVR and all procedural guidelines were met. A preponderance of evidence was established by an impartial SHO to sustain the guilty finding. Reports reflect that the appellant has presented no new or compelling evidence in the appeal, which would warrant a modification of the decision reached by the institution.

    **B.    BASIS FOR THE DECISION:**
California Code of Regulations, Title 15, Section: 3005, 3315, 3320, 3323

    **C.    ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, SVSP
       Appeals Coordinator, SVSP

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date: **AUG 0 8 2007**

In re:    Fosselman, P-13462
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020

IAB Case No.: 0615346          Local Log No.: SVSP 07-01304

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner R. Floto. All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:** The appellant is submitting this appeal relative to CDC Form 115, Rules Violation Report (RVR), Log #C07-01-0044, dated January 19, 2007, for "Recurring Failure to Meet Program Expectations," a Division "F" offense. He contends that the charge constitutes stacking as he was issued an RVR for the same infraction two weeks prior. He requests dismissal of the RVR.

**II    SECOND LEVEL'S ARGUMENT:** The reviewer found that time constraints were not met in the adjudication of the RVR; therefore, no forfeiture of credit was assessed as a penalty portion of in the RVR. The appellant was afforded due process, including a fair and unbiased hearing. On January 19, 2007, the appellant refused to comply as ordered to participate in the interview process as required in the "un-lock" protocol. The appellant as with all inmates must participate in the interview process. He may during the interview may choose to participate in the process and help to solve the crisis or may elect to not provide information. The appellant was found guilty based upon a preponderance of evidence by an impartial Senior Hearing Officer (SHO). The appellant is a participant in the Mental Health Services Delivery System at the Correctional Clinical Case Management System (CCCMS), and it was determined that his actions were not related to his condition and should not be considered in the penalty. The appellant did not meet the criteria for the assignment of an Investigative Employee to assist in the gathering of evidence. The appellant did not meet the criteria for the assignment of a Staff Assistant as there was no need for a confidential relationship; the issues are not complex; and the appellant is not illiterate and understands English. Stacking is defined as charging an inmate with multiple violations, which warrants a single report. If there is no nexus between the violations then separate disciplinary actions may be initiated even though the discovery may have been simultaneous. Additionally, separate disciplinary actions may be initiated for similar acts if they occur at different times.

**III    DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A. FINDINGS:** The appellant was afforded process in the adjudication of the RVR, but not all procedural guidelines were met. Therefore, no forfeiture of credit was assessed in the penalty assessment of the RVR. A preponderance of evidence was established by an impartial SHO to sustain the guilty finding. Reports reflect that the appellant has presented no new or compelling evidence in the appeal, which would warrant a modification of the decision reached by the institution.

**B. BASIS FOR THE DECISION:**
California Code of Regulations, Title 15, Section: 3005, 3315, 3320, 3323

**C. ORDER:** No changes or modifications are required by the institution.

FOSSELMAN, P-13462
CASE NO. 0615346
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR.

*Grany*

N. GRANNIS, Chief
Inmate Appeals Branch

cc:     Warden, SVSP
        Appeals Coordinator, SVSP

2006 STATE and FEDERAL Holiday DATES
AND CALENDER INFO.

# Exhibit

F

Opp. To MOT. To Dismiss

District Superintendent/President (Continued)    -2-    May 25, 2004

## * REVISED JUNE 30, 2004; APRIL 4, 2005

Statutory Mandated Holiday Dates (ECS 79020)

Fiscal Year 2006-2007

| July 4, 2006 | (Tuesday) | Independence Day |
|---|---|---|
| September 4, 2006 | (Monday) | Labor Day |
| November 10, 2006 | (Friday) | Veterans Day (Observance) |
| November 23, 2006 | (Thursday) | Thanksgiving |
| December 25, 2006 | (Monday) | Christmas |
| January 1, 2007 | (Monday) | New Year's Day |
| January 15, 2007 | (Monday) | Martin Luther King, Jr. Day |
| **February 9, 12, 13, or 16, 2007** | | |
| | **(Friday, Monday, Tuesday, or Friday)** | **Lincoln Day \*** |
| February 19, 2007 | (Monday) | Washington Day |
| May 28, 2007 | (Monday) | Memorial Day |

Fiscal Year 2007-2008

| July 4, 2007 | (Wednesday) | Independence Day |
|---|---|---|
| September 3, 2007 | (Monday) | Labor Day |
| November 12, 2007 | (Monday) | Veterans Day (Observance) |
| November 22, 2007 | (Thursday) | Thanksgiving |
| December 25, 2007 | (Tuesday) | Christmas |
| January 1, 2008 | (Tuesday) | New Year's Day |
| January 21, 2008 | (Monday) | Martin Luther King, Jr. Day |
| **February 8, 11, 12, or 15, 2008** | | |
| | **(Friday, Monday, Tuesday, or Friday)** | **Lincoln Day \*** |
| February 18, 2008 | (Monday) | Washington Day |
| May 26, 2008 | (Monday) | Memorial Day |

**Action/Date Requested:**    Information

**Contact:**    For holiday or calendar configuration questions, call Elias Regalado, Fiscal Services, at (916 445-1165 or e-mail at eregalad@cccco.edu.

cc:    District/College Chief Business Officer
Chief Instructional Officer
Dean of Admissions and Records, Registrar
Chief Information System Officer
Robert Turnage
Elias Regalado

This page can be found on the web at the following url:
http://www.opm.gov/Operating_Status_Schedules/fedhol/2006.asp

## U.S. Office of Personnel Management
**Ensuring the Federal Government has an effective civilian workforce**

## Operating Status

- Main
- Current Status
- Download Policy [PDF]
- Holidays

## 2006 Federal Holidays

> Federal law (5 U.S.C. 6103) establishes the following public holidays for
> Federal employees. Please note that most Federal employees work on a
> Monday through Friday schedule. For these employees, when a holiday falls
> on a nonworkday -- Saturday or Sunday -- the holiday usually is observed on
> Monday (if the holiday falls on Sunday) or Friday (if the holiday falls on
> Saturday).

| | |
|---|---|
| **Monday, January 2***         | **New Year's Day** |
| **Monday, January 16**         | **Birthday of Martin Luther King, Jr.** |
| **Monday, February 20****      | **Washington's Birthday** |
| **Monday, May 29**             | **Memorial Day** |
| **Tuesday, July 4**            | **Independence Day** |
| **Monday, September 4**        | **Labor Day** |
| **Monday, October 9**          | **Columbus Day** |
| **Friday, November 10*****     | **Veterans Day** |
| **Thursday, November 23**      | **Thanksgiving Day** |
| **Monday, December 25**        | **Christmas Day** |

*\* January 1, 2006, (the legal public holiday for New Years Day) falls on a Sunday. For most Federal employees, Monday January 2, will be treated as a holiday for pay and leave purposes. (See Executive Order 11582 of February 11, 1971.)*

*\*\* This holiday is designated as "Washington's Birthday" in section 6103(a) of title 5 of the United States Code, which is the law that specifies holidays for Federal employees. Though other institutions such as state*

# October 2006

Work
Home

**November 2006**

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
| | | | 1 | 2 | 3 | 4 |
| 5 | 6 | 7 | 8 | 9 | 10 | 11 |
| 12 | 13 | 14 | 15 | 16 | 17 | 18 |
| 19 | 20 | 21 | 22 | 23 | 24 | 25 |
| 26 | 27 | 28 | 29 | 30 | | |

**October 2006**

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|

**September 2006**

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
| | | | | | 1 | 2 |
| 3 | 4 | 5 | 6 | 7 | 8 | 9 |
| 10 | 11 | 12 | 13 | 14 | 15 | 16 |
| 17 | 18 | 19 | 20 | 21 | 22 | 23 |
| 24 | 25 | 26 | 27 | 28 | 29 | 30 |

| Sunday | Monday | Tuesday | Wednesday | Thursday | Friday | Saturday |
|--------|--------|---------|-----------|----------|--------|----------|
| 1 | 2 | 3 | 4 | 5 | 6 | |
| 8 | 9 | 10 | 11 | 12 | 13 | |
| 15 | 16 | 17 | 18 | 19 | 20 | |
| 22 | 23 | 24 | 25 | 26 | 27 | |
| 29 | 30 | 31 | 1 | 2 | 3 | |

# November 2006

■ Work
■ Home

December 2006
S M T W T F S
1 2
3 4 5 6 7 8 9
10 11 12 13 14 15 16
17 18 19 20 21 22 23
24 25 26 27 28 29 30
31

November 2006
S M T W T F S

October 2006
S M T W T F S
1 2 3 4 5 6 7
8 9 10 11 12 13 14
15 16 17 18 19 20 21
22 23 24 25 26 27 28
29 30 31

| Sunday | Monday | Tuesday | Wednesday | Thursday | Friday | Saturday |
|--------|--------|---------|-----------|----------|--------|----------|
| 29 | 30 | 31 | 1 | 2 | 3 | |
| 5 | 6 | 7 | 8 | 9 | 10 | |
| 12 | 13 | 14 | 15 | 16 | 17 | |
| 19 | 20 | 21 | 22 | 23 | 24 | |
| 26 | 27 | 28 | 29 | 30 | 1 | |

administrative appeal FIRST level REVIEW

Re: MAIL DELIVERY -

Exhibit

"G"

Opp To MOT. To Dismiss.

# A P P E A L  -  F I R S T  L E V E L  R E V I E W
## S A L I N A S  V A L L E Y  S T A T E  P R I S O N

**DATE:**    February 11, 2006

**NAME:**    Fosselman        **CDC #** P-13462

**APPEAL #:    FIRST LEVEL APPEAL LOG #SVSP-C-06-00272**

**APPEAL DECISION:** Partially Granted

**SUMMARY OF APPEAL:** Appellant states that his incoming mail is arriving 21 to 25 days late and per the Title 15 it states that all mail will be processed with in (7) seven working days.

The appellant is requesting on appeal that he receive his incoming mail within reasonable 5 to 7 days stated in the Plan of Operations and that someone take the responsibility for enforcing that the general mail regulations.

**SUMMARY OF INVESTIGATION:** The appellant was interviewed on February 10, 2006 by Lieutenant (A) J. Stevenson. During this interview, the appellant stated that all he wants is his mail delivered within the 7 days stated in the Title 15 and Operational Procedure #2. He feels that 21 to 25 days is way to long for his mail to be sitting in the mail room before it is delivered to him. He feels that Salinas Valley State Prison needs to assign more staff to the mailroom.

I explained to inmate Fosselman that the mailroom staff makes every effort to process the mail in a timely and efficient manor. That over the last several months extra staff has been temporally assigned to assist in the mailroom to expedite the processing of incoming and out going mail. I explain to inmate Fosselman that his mail could have been delayed by the U.S. Postal Service. Just because his mail has a post mark date that is not the date that Salinas Valley State Prison received his mail. The post mark is the date the post office first processed it. I informed inmate Fosselman that ever since October 2005, the mail room has been swamped with incoming mail and due to the holidays the mail room is currently running about 3 to 4 weeks behind in processing incoming inmate mail. I explained to inmate Fosselman that Salinas Valley State Prison is attempting to assign or hire more staff to the mailroom in an effort to get the inmates at Salinas Valley State Prison their mail within the 7 day time line. I informed inmate Fosselman that in the past office OA's and OT's from the Administration Building were assigned to the mail room to help the mail room staff get caught up and that the Warden is even looking at doing it again in an effort to help the mail room staff get caught up. But even if this were to be started right away that this will most likely take 30 to 60 days before the mail room could get caught up so please be patient. Inmate Fosselman stated that he understood the mail room's problem but that he is still upset that it is taking too long for his incoming mail to reach him.

**APPEAL RESPONSE:** After interviewing inmate Fosselman regarding his complaint that the mail room is late in delivering him his mail late and after explaining to him Salinas Valley State Prison's temporary problem in the delay of processing the incoming inmate mail, this appeal is Partially Granted.

Inmate Fosselman, after investigating your appeal, I can assure you that no staff member at Salinas Valley State Prison has any interest in delaying your mail. The Mailroom staff at Salinas Valley State Prison will continue to process all mail in a timely and professional fashion. You can be assured that every effort is being made to ensure that the mail is processed within the policy and regulations set by (CDC&R) California Department of Corrections and Rehabilitation. I am sorry for any troubles that you may have suffered from our temporary mail room problem.

If you are dissatisfied with this decision, you may appeal to the Second Level by following the instructions on your appeal form.

J. Stevenson
Lieutenant (A)
Salinas Valley State Prison

B. Rankin
Custody Captain (A)
Salinas Valley State Prison

**STATE OF CALIFORNIA**
**COUNTY OF MONTEREY**

(C.C.P. SEC. 466 & 2015.5; 28 U.S.C. SEC. 1746)

I, _Lorenzo Fosselman Jr._ declare under penalty of perjury that: I am
the _plaintiff_ in the above entitled action; I have read the foregoing documents
and know the contents thereof and the same is true of my own knowledge, except as to matters
stated therein upon information, and belief, and as to those matters, I believe they are true.

Executed this _2nd_ day of _April_, 20_08_, at Salinas Valley State
Prison, Soledad, California 93960-1050.

(Signature) _Lorenzo Fosselman Jr._
                    DECLARANT/PRISONER

----------------------------------------

PROOF OF SERVICE BY MAIL
(C.C.P. SEC 1013(a) & 2015.5; 28 U.S.C. SEC. 1746)

I, _Lorenzo Fosselman Jr._, am a resident of California State Prison, in the County of
Monterey, State of California; I am over the age of eighteen (18) years and am _not_ a party of
the above entitled action. My state prison address is: P.O. Box 1050, Soledad, California 93960-
1050.

On _April 2nd_, 20_08_, I served the foregoing: _Opposition To Dispositive Motion_
_To dismiss and Request for Judicial Notice of STATE Superior Court Order_
_Notice of Motion & Motion For Leave To File Supplemental Amendment._

(Set forth exact title of document(s) served)

On the party(s) herein by placing a true copy(s) thereof, enclosed in sealed envelope(s), with
postage thereof fully paid, in the United States Mail, in a deposit box so provided at Salinas
Valley State Prison, Soledad, California 93960-1050.

Michael Quinn
Dept of Justice / Office of Attorney General
455 Golden Gate Ave Suite 11000
San Fran CA 94102-3664

(List parties served)

There is delivery service by United States Mail at the place so addressed, and/or there is regular
communication by mail between the place of mailing and the place so addressed.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: _April 2nd_, 20_08_,                    _Lorenzo Fosselman Jr._
                                                             DECLARANT/PRISONER

Lorenzo Fosselman JR.

# P134462

Salinas Valley State Prison

B.2 214 P.O. Box 1050

Soledad CA 93960

**STATE PRISON
GENERATED MAIL**

PJH

Clerk: U.S. District Court
Northern District Of Cal
450 Golden Gate Ave
San Francisco Ca 9410

FILED

APR - 4 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA