1  Lorenzo Fosselman Jr.

2  # P13462 SVSP

3  P.O. Box 1050

4  Soledad CA 93960

5    In Pro-se

6

**FILED**

APR - 4 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

7

8      IN THE UNITED STATES DISTRICT COURT

9      FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  Lorenzo Fosselman Jr.

12        Plaintiff

13

14  V.s.

15

16  M.S. Evans ET al......

17        Defendants

Case No. C-07-2606 PJH(pr)

REQUEST FOR JUDICIAL NOTICE

18

19    Plaintiff Lorenzo Fosselman Jr. In pro-se hereby requests this

20  Court To take Judicial Notice pursuant To Federal Rules of

21  Evidence 201. of the following facts:

22

23    1.) An order from superior Court of Monterey County

24  IN RE Lorenzo Fosselman Jr. on Habeas Corpus case No HC 5680

25    In which plaintiff filed a petition for writ of habeas

26  Corpus. Claiming S.V.SP Officials were Improperly Refusing To process

27  His appeals.

28

Req. for Judicial Notice          (1.)          Fosselman v. Evans ET. al.
                                                 C-07-2606 PJH(pr)

2.) On 2-8-08 the Superior Court found that Appeal dated Nov 5th 2006 (Log# SVSP C-06-03475) and the appeal dated January 7th, 2007 were both improperly screened out and granted the writ in regards to those (2) claims.

3.) This evidence proves plaintiff attempted to exhaust his administrative remedies but was prevented from doing so by defendants in their effort to deny him access to the court.

4.) Plaintiff request Judicial Notice of the above mentioned Court order. (attached hereto)

Conclusion

Based on the facts & law applicable to this case the court should take Judicial Notice of these facts.

Dated 3-27-08

Respectfully

Lorenzo Fosselman Jr.
Lorenzo Fosselman Jr.
In Pro-Se

Pl' Req For Judicial Notice

(2.)

Fosselman vs Evans et al ---
C-07-2606 PJH (PR)

## DECLARATION OF LORENZO FOSSELMAN JR.

I, Lorenzo Fosselman Jr. declare:

1.) I am the plaintiff in this case in prose, I am competent to testify to the matters set forth herein; if called upon I could & would do so. I submit this declaration in support of the Request for Judicial Notice, be taken to.

A.) ORDER from Superior Court of California County of Monterey IN RE LORENZO FOSSELMAN JR ON HABEAS CORPUS HC 5680

B.) I received this document through U.S. postage mail from KATERA E. RUTLEDGE of Rutledge & Rutledge attorneys at law whom represented me as counsel in the above mentioned habeas petition.

I declare under penalty of perjury that the foregoing is true & correct executed this 27th day of March 2008, at Soledad CA S.V.S.P

Respectfully
Submitted

Lorenzo Fosselman Jr.
LORENZO FOSSELMAN JR
In PRO-PER.

Decl' of Pl' Req for Judical Notice        (1.)        FOSSELMAN V. EVANS ET al.
                                                           .... C-07-2606 PJH (pr)

MONTEREY SUPERIOR COURT ORDER

IN RE LORENZO FOSSELMAN Jr. ON Habeas Corpus    HC. 5680

Req. FOR Judicial NOTICE



FILED

FEB 0 8 2008

CONNIE MAZZEI
CLERK OF THE SUPERIOR COURT
_____DEPUTY
PHILLIP McCOUN

1    SUPERIOR COURT OF CALIFORNIA

2    COUNTY OF MONTEREY

3

4    In re

5        Lorenzo Fosselman, Jr.

6        On Habeas Corpus.

)  Case No.: HC 5680
)
)  ORDER
)
)
)

7        Petitioner Lorenzo Fosselman, Jr. is incarcerated at Salinas Valley State Prison (SVSP) in

8    Soledad.

9        On April 12, 2007, Petitioner filed a petition for writ of habeas corpus, claiming that

10   SVSP officials are improperly refusing to process his appeals.

11       On June 7, 2007, the court requested an informal response from the Attorney General's

12   Office (Respondent). The court's order of June 7, 2007 inadvertently referred to six appeals. As

13   discussed below, the petition concerns only five appeals. On July 23, 2007, Respondent filed an

14   informal response. On August 6, 2007, Petitioner filed a reply.

15       **On September 4, 2007, the court denied Petitioner's claims with respect to the**

16   **following appeals: 1) the appeal number SVSP-C-07-01064; 2) the appeal dated April 6,**

17   **2006; and 3) the appeal dated February 19, 2007.**

18       **On September 4, 2007, the court issued an order to show cause with respect to**

19   **Petitioner's claim that SVSP officials failed to process the appeals dated November 5, 2006**

20   **(SVSP-C-06-03475) and January 7, 2007.**

21       On October 29, 2007, Respondent filed a return. On November 26, 2007, Petitioner filed

22   a denial. The court extended time to issue a ruling until February 29, 2008.

23       In its return, Respondent argues that Petitioner's appeal dated November 5, 2006 (SVSP-

24   C-06-03475) was properly screened out because it was not received in the Appeals Office within

25

1

1 | 15 working days. (See Return.) In his denial, Petitioner argues that his appeal was improperly

2 | screened out because he "submitted" his appeal within 15 working days. (See Denial.)

3 | **The court finds that Petitioner's appeal dated November 5, 2006 (SVSP-C-06-03475)**

4 | **was improperly screened out.**

5 | California Code of Regulations, title 15, section 3084.6(a) provides that "[t]ime limits for

6 | submitting or reviewing appeals shall commence upon the date of receipt of the appeal document

7 | by the appeals coordinator or the appellant." Section 3084.6(c) provides that "[a]n appellant

8 | must submit the appeal within 15 working days of the event or decision being appealed, or of

9 | receiving an unacceptable lower level appeal decision."

10 | Petitioner's appeal dated November 5, 2006 concerns the events of October 21, 2006 and

11 | October 22, 2006. Petitioner claims that on October 21, 2006 Correctional Officer Martin told

12 | him that Petitioner was required to be interviewed before he could be released from a modified

13 | program. Petitioner also challenges a search of his cell by correctional officers on October 22,

14 | 2006.

15 | Under section 3084.6(c), Petitioner had 15 working days to submit his appeal. The 15th

16 | working day fell on November 10, 2006 (Friday). It appears that Veterans Day was observed on

17 | Friday, November 10, 2006. (See Petitioner's Exhibit Q, 2006 State and Federal Holidays.)

18 | Since November 10, 2006 was not a working day, the 15th working day deadline was extended to

19 | November 13, 2006 (Monday). Petitioner's appeal was dated November 5, 2006. Petitioner

20 | states that on November 9, 2006 he gave his appeal to a correctional officer at mail pick up. In

21 | its return, Respondent does not provide any evidence contradicting this statement. The Appeals

22 | Office received his appeal on November 14, 2006 (Tuesday). The mail delivery procedures are

23 | in the purview of the prison and Petitioner has no control over what happens to his appeal once

24 | he places it into the hands of the prison officials who are responsible to deliver the mail.

25 | Petitioner is not responsible for the possibility that the prison mail room was behind given the

2

1 holiday weekend (Veterans Day). *Thus, the court finds that Petitioner timely "submitted" his*

2 *appeal when he gave his appeal to a correctional officer at mail pick up on November 9, 2006.*

3 *Assuming arguendo the regulation requires that the Appeals Office must receive an appeal*

4 *within 15 working days of the event, Petitioner's appeal is deemed to have been received by the*

5 *Appeals Office when Petitioner placed it into the hands of a correctional officer who was*

6 *responsible to deliver the appeal to the Appeals Office.* Thus, Petitioner's appeal was improperly

7 screened out on the basis of time constraints not met.

8      In its return, Respondent argues that Petitioner's appeal dated January 7, 2007 was

9 properly screened out because he failed to demonstrate any adverse effect on his welfare.

10 (Return.)

11 **     In its return, Respondent also argues that Petitioner's appeal dated January 7, 2007**

12 **would have been screened out for other reasons. (See Return.) This argument fails**

13 **because these reasons were not cited in the appeal screening form.** (See Exhibits 6 and 7

14 attached to Return, Inmate/Parolee Appeal Screening Form.)

15 **     To the extent that Respondent argues that the claims raised in Petitioner's appeal**

16 **dated January 7, 2007 are being handled in his appeal dated February 6, 2007, this**

17 **argument is rejected.** In his appeal dated January 7, 2007, he requested that his privileges be

18 restored and that the CDC128A be removed from his central file. (See Appeal dated January 7,

19 2007.) In his appeal dated February 6, 2007, Petitioner is not challenging the CDC128A of

20 December 28, 2006. (See Appeal dated February 6, 2007.) In his appeal dated February 6,

21 2007, Petitioner is seeking to have his Rules Violation Report C06-12-0043 dismissed and is also

22 challenging the CDC128-B of January 11, 2007 (Notice of 90 Days Loss of Privileges).

23      In his denial, Petitioner argues that his appeal was improperly screened out because he

24 demonstrated an adverse effect upon his welfare. (Denial.)

25

3

1      **The court finds that Petitioner's appeal dated January 7, 2007 was improperly**

2   **screened out.**

3           California Code of Regulations, title 15, section 3084.1(a) provides in pertinent part,

4   "Any inmate or parolee under the department's jurisdiction may appeal any departmental

5   decision, action, condition, or policy which they can demonstrate as having an adverse effect

6   upon their welfare."

7           On or about January 7, 2007, Petitioner submitted an appeal concerning the December

8   22, 2006 memo from G. Ponder restricting his privileges and the CDC128A (counseling chrono)

9   dated December 28, 2006.  Petitioner's appeal was screened out on the basis that Petitioner failed

10  to demonstrate an adverse effect upon his welfare.

11          Petitioner demonstrated an adverse effect upon his welfare.  The December 22, 2006

12  memo outlines that all of Petitioner's privileges had been restricted.  These privileges included

13  contact visits, canteen, packages and special packages.  Petitioner was adversely affected by his

14  loss of these privileges.  In the CDC128A, Petitioner was identified as an inmate who promoted

15  gang or organized violence by his refusal to participate in the staff conducted interview.  This

16  document will be in the Petitioner's central file and may adversely affect his treatment by staff.

17  Petitioner is serving a life term with the possibility of parole.  The Board of Parole Hearings

18  considers all information in an inmate's central file when considering a grant of parole.  The

19  presence of the CDC128A describing gang activity in Petitioner's central file will have an

20  adverse effect on his parole chances in future parole suitability hearings.

21          **In light of the foregoing, the petition is granted as to Petitioner's claim that SVSP**

22  **officials failed to process Petitioner's appeals of November 5, 2006 and January 7, 2007.**

23          **Salinas Valley State Prison officials are directed to process Petitioner's appeals of**

24  **November 5, 2006 (SVSP-C-06-03475) and January 7, 2007.**

25

4

1    IT IS SO ORDERED.

2    Dated:  02-08-08

3

4                                        Hon. Stephen A. Sillman
                                         Judge of the Superior Court
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## CERTIFICATE OF MAILING

### C.C.P. SEC. 1013a

I do hereby certify that I am not a party to the within stated cause and that on

___February 8, 2008___    I deposited true and correct copies of the following

document(s): ORDER in sealed envelopes with postage thereon fully prepaid, in the mail

at Salinas. California, directed to each of the following named persons at their respective

addresses as hereinafter set forth:

Katera E. Rutledge, Attorney
7960 B Soquel Dr., Ste 354
Aptos. CA  95003

Office of the Attorney General
Attn: Robert Reyff, DAG
455 Golden Gate Ave, Ste 11000
San Francisco, CA  94102

Dated:____2/8/08____                    CONNIE MAZZEI,
                                         Clerk of the Court

                                         By: _____
                                         Deputy  PHILLIP McCOUN

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LORENZO FOSSELMAN JR.                    CASE No C-07-2606 PJH(Pr)

      PlaintiFF

                                [PROPOSED] ORDER

V.S

                                GRANTING REQUEST FOR

M.S. EVANS ET al...                      Judicial NOTICE

      DEFENDANTS

PlaintiFF has requested Judicial Notice be Taken To A STATE
SUPERIOR COURT ORDER To A Habeas Corpus petition.
      Good Cause Appearing, PlaintiFFs request is GRANTED.


      IT IS SO ORDERED.


DATED:
                                    Honorable Phyllis J. Hamilton
                                    U.S. DISTRICT COURT JUDGE


PROPOSED ORDER                (1.)              Fosselman V. Evans ET al.
                                                C-07 2606- PJH(Pr)