1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DAVID S. CHANEY
Chief Assistant Attorney General
3 | FRANCES T. GRUNDER
Senior Assistant Attorney General
4 | JONATHAN L. WOLFF
Supervising Deputy Attorney General
5 | MICHAEL J. QUINN, State Bar No. 209542
Deputy Attorney General
6 | 455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
7 | Telephone: (415) 703-5726
Fax: (415) 703-5843
8 | Email: Michael.Quinn@doj.ca.gov

9 | Attorneys for Defendants Nilsson, Beatty, Martin,
Chavez, Atchley, M. Moore, Neotti, Evans, Ponders,
10 | E. Moore, Hernandez, Boccella, Celaya, Mensing,
Caropreso, and Medina

11

12

13 | IN THE UNITED STATES DISTRICT COURT

14 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

15 | SAN FRANCISCO DIVISION

16 | **LORENZO FOSSELMAN, Jr.,**    C 07-2606 PJH (pr)

17 | Plaintiff,    **REPLY IN SUPPORT OF DEFENDANTS' MOTION TO**
18 | v.    **DISMISS UNDER RULE 12(b)**

19 | **M. S. EVANS, et al.,**

20 | Defendants.

21

22 | Defendants Nilsson, Beatty, Martin, Chavez, Atchley, M. Moore, Neotti, Evans, Ponders, E.

23 | Moore, Hernandez, Boccella, Celaya, Mensing, Caropreso, and Medina (Defendants) submit

24 | their Reply in Support of Defendants' Motion to Dismiss Under Rule 12(b).

25 | **I.**

26 | **INTRODUCTION**

27 | Under the Prison Litigation Reform Act of 1995 (PLRA), an inmate must exhaust his

28 | administrative remedies before filing suit in federal court. 42 U.S.C. § 1997e(a). In his Request

Reply in Supp. of Mot. Dismiss    L. Fosselman v. Evans, et al.
C 07-2606 PJH (PR)

1

1  for Judicial Notice (RJN), Plaintiff attaches a February 8, 2008 order from the Monterey County

2  Superior Court, which directed prison officials to process Plaintiff's appeals of November 5,

3  2006 and January 7, 2007.  The superior court's order confirms that Plaintiff did not exhaust his

4  internal remedies before filing this action on May 16, 2007.  Accordingly, because Plaintiff failed

5  to satisfy the exhaustion requirement in this case, it should be dismissed without prejudice.

**ARGUMENT**

7  **A.    Plaintiff is Required to Exhaust His Administrative Remedies Before Seeking Relief
From the Court.**

9      The PLRA provides that "[n]o action shall be brought with respect to prison conditions

10  under 42 U.S.C. § 1983 of this title, or any other Federal law, by a prisoner confined in any jail,

11  prison, or other correctional facility until such administrative remedies as are available are

12  exhausted."  42 U.S.C. § 1997e(a).  The exhaustion provision applies to "all inmate suits about

13  prison life, whether they involve general circumstances or particular episodes."  *Porter v. Nussle*,

14  534 U.S. 516, 532 (2002).

15      In the opposition to the motion to dismiss, Plaintiff refers to several decisions from other

16  circuit courts which recognized that an inmate can be excused from the exhaustion requirement if

17  he has made a substantial effort to obtain an administrative remedy or if prison officials have

18  ignored his attempts to pursue such a remedy.  *See, e.g., Shah v. Quinlin*, 901 F.2d 1241, 1244

19  (5th Cir. 1990); *Holloway v. Gunnell*, 685 F.2d 150, 154 (5th Cir. 1982).  However, the cases

20  that Plaintiff relies upon are inapposite, since they originated from outside of the Ninth Circuit.

21  Further, all but one of the cases mentioned by Plaintiff were decided before the 1995 amendment

22  to the PLRA, which "invigorated" the exhaustion provision.  *Porter*, 534 U.S. at 524.

23      As noted in Defendants' moving papers, a prisoner must exhaust the administrative

24  remedies *prior* to filing suit, and exhaustion "subsequent to the filing of the suit will not suffice."

25  *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).  If there is no pre-suit exhaustion, the

26  district court is required to dismiss the complaint without prejudice.  *Id.* at 1200-01; *Wyatt v.*

27  *Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003).  Further, the Ninth Circuit requires exhaustion to

28  be completed before any papers in federal court are filed, stating that "[t]he bottom line is that a

Reply in Supp. of Mot. Dismiss                                      L. Fosselman v. Evans, et al.
                                                                         C 07-2606 PJH (PR)

1  prisoner must pursue the prison administrative process as the first and primary forum for redress

2  of grievances" and "may initiate litigation in federal court only after the administrative process

3  ends and leaves his grievances unredressed." *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th

4  Cir. 2006).

5  **B.  The Monterey County Superior Court's February 8, 2008 Order Demonstrates that**
   **Plaintiff Failed to Exhaust His Administrative Remedies Before Initiating this Case.**

6

7       Plaintiff filed a petition for writ of habeas corpus in the Monterey County Superior Court on

8  April 12, 2007.[1] (RJN, 1:9-10.) The petition asserted that prison officials at Salinas Valley State

9  Prison had improperly refused to process several of Plaintiff's appeals. (*Id.*) On February 8,

10 2008, the superior court issued an order directing prison officials "to process Petitioner's appeals

11 of November 5, 2006 . . . and January 7, 2007." (RJN, 4:21-22.)

12      The February 8, 2008 order demonstrates that Plaintiff did not exhaust his administrative

13 remedies before filing this action on May 16, 2007. Because prison officials have been ordered to

14 process the appeals, Plaintiff's claims will now receive (1) second formal level review by the

15 institution head or designee, and (2) third formal level review by a designated representative of the

16 Director of the California Department of Corrections and Rehabilitation under supervision of the

17 chief of the inmate appeals branch. *See* Cal. Code Regs. tit. 15, § 3084.5.

18      Because Plaintiff's claims are still being processed within the prison, he has failed to satisfy

19 the exhaustion requirement in this case. Accordingly, this action must be dismissed without

20 prejudice. *Ngo v. Woodford*, 126 S. Ct. 2378, 2387 (2006).

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 _____

27      1.  Before receiving Plaintiff's request for judicial notice, counsel for Defendants was
    unaware of the April 2007 habeas petition filed by Plaintiff and the Monterey County Superior
28 Court's February 2008 order.

Reply in Supp. of Mot. Dismiss                            L. Fosselman v. Evans, et al.
                                                          C 07-2606 PJH (PR)

1

**CONCLUSION**

2   For the foregoing reasons, Defendants' motion to dismiss for failure to exhaust

3 administrative remedies before filing suit should be granted.

4     Dated:  April 14, 2008

5           Respectfully submitted,

6           EDMUND G. BROWN JR.
             Attorney General of the State of California

7           DAVID S. CHANEY
             Chief Assistant Attorney General

8           FRANCES T. GRUNDER
9           Senior Assistant Attorney General

10          JONATHAN L. WOLFF
            Supervising Deputy Attorney General

11

12

13          _____

14          MICHAEL J. QUINN
            Deputy Attorney General

15          Attorneys for Defendants Nilsson, Beatty, Martin, Chavez,
            Atchley, M. Moore, Neotti, Evans, Ponders, E. Moore,
            Hernandez, Boccella, Celaya, Mensing, Caropreso, and Medina

16

17

18

19

20

21

22

23

24

25

26

27

28

Reply in Supp. of Mot. Dismiss              L. Fosselman v. Evans, et al.
                                 C 07-2606 PJH (PR)

4

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **L. Fosselman v. Evans, et al.**

No.:   **C 07-2606 PJH (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **April 14, 2008**, I served the attached

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b)**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA  94102-7004, addressed as follows:

**Lorenzo Fosselman Jr., P-13462**
**Salinas Valley State Prison**
**P.O. Box 1050**
**Soledad, CA  93960-1050**
Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **April 14, 2008**, at San Francisco, California.

| | |
|---|---|
| J. Baker | |
| Declarant | Signature |

40241509.wpd