LORENZO FOSSELMAN JR.

# P.13462

K.V.S.P  P.O. BOX 5101

DELANO CA 93216   E-filing

IN PRO-PER

FILED

JUN 1 6 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LORENZO FOSSELMAN JR.
            PLAINTIFF

V.S

M.S. EVANS  ET al. . . . . . . . . . . _
            DEFENDANTS

CASE NO.  C.07.2606  PJH(PR)

SUPPLEMENT TO REQUEST
FOR JUDICIAL NOTICE
(AND) PLAINTIFFS DECLARATION

    PlaiNTiff LORENZO FOSSELMAN JR. ▆▆ filed a request for
Judicial NOTICE of A STATE Habeas CORPUS ORDER, IN support
of his opposition TO DEFENDANTS MOTION TO dismiss his
ComplaiNT, ON grounds of failure TO ExHaust adminisTrative
remedies.

    THE STATE COURT found THAT defendants did indeed
IMPROPERLY SCreeN OUT (2) of his appeals ¿ ORDERED
defendants TO process THE Appeals that Here improperly
SCreeNed OUT.  ATTached TO this SuppleMENT of the Judicial
NOTICE is the recently ExHausTed appeal Log# SVSP.06.03475.
(AS PER COURT ORDER.)

    DATED: 6.11.08                            Respectfully
                                              Lorenzo Fosselman Jr.
    SUPP. TO JUDICIAL NOTICE MOT.      1.)    LORENZO FOSSELMAN JR.

                                              FOSSELMAN V. EVANS ET al. - C.07.2606 PJH(PR)

Declaration of Lorenzo Fosselman Jr.

I, Lorenzo Fosselman Jr. Declare

I am The plaintiff in this case, In pro-per I am competent To Testify To the matters set forth herein and if called upon To Testify I would do so.

1.) After receiving The Superior Courts order, directing The defendants To process the improperly screened out appeals defendant Medina interviewed me concerning this matter on or about 2.22.08, and responded in writting on (or) about 2.25.08.

2.) On 2.27.08 I submitted the response from Medina To The Inmate Appeals Branch (I.A.B) for finality.

3.) I received I.A.B's response on 6.9.08. Attached is a True copy of the above mentioned responses (as ATT #3)

I, declare under penalty of perjury That the foregoing is True & correct executed on this 11th day of June in Delano CA at K.V.S.P.

Respectfully

Lorenzo Fosselman Jr.
In pro-per.

Decl of Lorenzo Fosselman Jr.
In supp. of supp' Judicial Notice

2.)

Fosselman v. Evans et al.....
# C-07-2606 PJH (PR)

ATTACHMENT # 3

DEFENDANTS APPEAL RESPONSE TO SVSP #.06.03475
AS PER STATE COURT ORDER

Supplemental ATTachmenT To
Req for Judicial Notice

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date:    MAY 2 7 2008

In re:    Lorenzo Fosselman, P13462
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020

IAB Case No.: 0724893        Local Log No.: SVSP-06-03475

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner J. Hutchins, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

I    APPELLANT'S ARGUMENT: It is the appellant's position that Correctional Officer (CO) Martin came to his cell on October 21, 2006, and advised him he needed to participate in an interview as part of the process to come off of a modified program. The appellant states he asked the Officer what would happen if he refused. He was told that he could lose privileges such as canteen and packages, and that it may result in his being placed into the Behavior Modification Unit (BMU). The appellant states he told CO Martin he is unaware of any regulation that allows an inmate to be disciplined for not providing staff with information about other inmates or refusing to sign a "compatibility/promising to behave" chrono. The appellant states that CO Martin told him he knew what would happen if he did not "sign the paper." The appellant took the statement as a threat. The appellant states that the following day CO Martin returned to his cell with two other officers and conducted a search of his cell. He claims the search was retaliatory and his cell was ransacked and his personal property was left in "shambles." The appellant is requesting complete restoration of his privileges, that he not be "subjected to these interview chronos", and that he not have his property ransacked in retaliation, in the future.

II    SECOND LEVEL'S DECISION: The reviewer found that the search of the appellant's cell was conducted pursuant to California Code of Regulations (CCR), Title 15, Section 3287. The appellant was informed that housing unit staff are required to conduct cell searches on second and third watch. The Second Level of Review (SLR) was unable to identify which staff member completed the search, noting there are seven Martin's employed at Salinas Valley State Prison (SVSP). CO Caropreso was interviewed. He did not recall the specific search but stated he has never engaged in retaliatory searches and does not condone unprofessional conduct by staff during searches. Captain Solis reported that supervisory staff review housing unit search logs regularly to ensure searches are being completed as required and to identify any anomalies that would indicate any inappropriate searches. The SLR determined that the appellant had failed to support his allegation, based on the officer's testimony and the lack of any documentation. The appellant's request to have his privileges restored was deemed moot due to the appellant's placement into the Administrative Segregation Unit on unrelated issues. His request that he not be subjected to retaliatory searches was granted. He was informed that all staff are expected to conduct themselves professionally in the performance of their duties. His final request that he not be subject to "interview chronos" was reportedly addressed at length in previous appeals from the appellant and was not addressed in this appeal.

III    DIRECTOR'S LEVEL DECISION: Appeal is denied.

A. FINDINGS: The reviewer found that the institution is in compliance with departmental regulations. The appellant has failed to support his claim that the search was either retaliatory or conducted in an unprofessional manner. The Department Operations Manual (D.O.M) section 52050.18 requires housing unit staff to conduct a minimum of three searches on second and third watch. Cells are typically selected at random and the searches are conducted on an infrequent and unscheduled basis, pursuant to CCR 3287. These searches are necessary to detect and control contraband and to maintain institution security. To use these inspections as a punitive measure or to harass an inmate would be contrary to the regulations. In this case, the documentation and arguments are persuasive that housing unit staff were

LORENZO FOSSELMAN, P13462
CASE NO. 0724893
PAGE 2

performing their required duties when the appellant's cell was searched. There has been no showing of unprofessional conduct on the part of the staff involved. The Director's Level of Review concurs with the SLR in this matter and acts to deny the appeal.

**B.  BASIS FOR THE DECISION:**
CCR: 3001, 3270, 3287, 3391
Department Operations Manual 52050.18

**C.  ORDER:** No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:     Warden, SVSP
        Appeals Coordinator, SVSP

STATE OF CALIFORNIA .                                                                    DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**          Location: Institution/Parole Region        Log No.                    Category
**APPEAL FORM**             1. _____        1. SUSP-C-06-03475              11
CDC 602 (12/87)             2. _____        2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.             Cell Search                        10/22/06

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| Fosselman | P-13462 | | D2-214 |

A. Describe Problem: _____ See Attached fax 602 _____

_____

_____

_____

_____      INMATE APPEALS BRANCH

_____      MAR - 3 2008

_____      RECEIVED

If you need more space, attach one additional sheet.

B. Action Requested: _____

_____

_____

_____

Inmate/Parolee Signature: _____     Date Submitted: _____

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

_____

Staff Signature: _____     Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

Signature: _____     Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed        CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

C-06 -03475

| First Level | ☐ Granted | ☐ P. Granted | ☐ Denied | ☐ Other _____ |

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

_____

Staff Signature: _____ Title: _____ Date Completed: _____
Division Head Approved:                                    Returned
Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____ Date Submitted: _____

| Second Level | ☐ Granted | ☒ P. Granted | ☐ Denied | ☐ Other _____ |

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____

☒ See Attached Letter

DELIVERED FEB 2 2 2008

Signature: _____ Date Completed: 2/22/08

Warden/Superintendent Signature: _____ Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Request 3rd level ~~and~~ Review for Exhaustion.

_____

_____

_____

Signature: _Tessel~~noo~~ ~~monzo~~_____ Date Submitted: 2.27.08

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted   ☐ P. Granted   ☒ Denied   ☐ Other _____
☐ See Attached Letter

Date: MAY 2 7 2008

CDC 602 (12/87)

# INMATE/PAROLEE
# APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region _SVSP C_   Log No. _06-03475_  Category _X 11_

1. _____ 2. _____  1. _____ 2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly. _Cell Search_ & _Comprot behavior_    _Goldwin C _____

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| Fosselman L | P 134162 | N/A | C-B 127 |

A. Describe Problem: On Oct 21st 2006 c/o Martin approached my cell C-B 126 and told me that I had to interview inorder to come off of modified program again. I told c/o Martin that I had no knowledge of anything, nor did I feel comfortable interview about other prisoners conduct. I specifically asked c/o Martin what reprisals would I face, should I not participate? C/o Martin informed me that I would lose all my privileges such as Canteen, packages, special purchases, yard and contact visits?

If you need more space, attach one additional sheet.    **RECEIVED NOV 1 4 2006**

B. Action Requested: Request all my privileges restored, and that I not be subjected to those interview attempts in the future. OR that my property transported further in retaliation.

Inmate/Parolee Signature: _Fosselman, Lorenzo_    Date Submitted: _11-5-06_

C. INFORMAL LEVEL (Date Received: _____)

Staff Response: _____

~~BYPASS~~

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

~~BYPASS~~

INMATE APPEALS BRANCH
MAR - 3 2008
RECEIVED

Signature: _____    Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed    CDC Appeal Number: _____
Board of Control form BC-1E, Inmate Claim

FEB-19-2008  17:00    DOJ 12TH FLOOR RECP AREA    415 703 5843    P.02

the continuance the

inal that might also be placed on (B.M.U) behavior
modification. I once again told C/o Martin that I
didnt know anything, and that I've never seen any
thing in the Title 15. or the operations manual
but stops staff can discipline an inmate for
I providing information / speaking or signing a
impossibility / promising to behave chemo, I did not
feel comfortable interviewing about other prisoners
conduct, I do my own number, and I haven't
had a 115 since 2004 nor have I been caught in
possession of any contraband. I've been on the unlock
list since January and have been programming without
bothering nobody.

C/o Martin stated if I didn't sign the
paper, "That I knew would happen." Because if I
received that to be a threat, I informed him
I wasn't mandated to provide information to
assist staff in gathering facts about any incidents

C/o Martin, left my door with the appearance
of being upset, only to return the very next
morning Oct 22nd with C/o ~~Caroppasso~~ and one other
C/o. I dont recall the name, ordering me & my
then celly to step out for a random search
which had to be in retaliation for my not

These 3 c/o's ransacked and left my personal
property in shambles; I know this was an act
of conversion and retaliation, son in no way random
because on 10-3-06 my cell was searched thoroughly
during an institutional search for contraband.
There was no valid reason for c/o Martin
& c/o Compromisso to search my cell other than to
retaliate. There is no valid basis for punishing me
for not wanting to interview and sign forms promising
to snitch, furthermore there's no regulations in the
rehabilitative objective that allows staff to
discipline or punish an inmate for not feeling
comfortable and refusing to answer questions about the
criminal conduct of other inmates. By these officers
threating me with taking reprisals, then also retaliating
against me for not doing this, is clearly malfeasance.
The legal affaires division has previously issued
a memorandum to the administration on March 18th 2006
instructing them to cease the use of requiring
inmates to sign these opinions (see Exhibit A)
however they continue to do it!

Respectfully,
D. Fessalnison

4-5-07

DELIVERED NOV 8 8 MOM

F. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____

Signature: _____

Warden/Superintendent Signature: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt response.

Signature: _____ Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections

DIRECTOR'S ACTION: ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other _____
☐ See Attached Letter

CDC 602 (12/87)

State of California                                    Department of Corrections and Rehabilitation

# Memorandum

Date:  February 22, 2008

To:     Inmate FOSSELMAN, P-13462
        Salinas Valley State Prison

Subject:  SECOND LEVEL APPEAL RESPONSE LOG NUMBER-SVSP-C-06-03475

### ISSUE:

The appellant submitted this appeal stating he received a retaliatory cell search
due to his refusal to participate in facility interviews.

The appellant requests that his privileges be restored, that he not be subject to
interview chronos, and that his cell not be ransacked.

### REGULATIONS:

DOM §55015 Unlock Protocols
CCR 3287 Cell, Property and Body Inspections

### SUMMARY OF INVESTIGATION:

The First Level of Review was bypassed per CCR 3084.5(b). Eloy Medina,
Appeals Coordinator, was assigned to investigate this appeal at the Second
Level of Review. The appellant was interviewed by Eloy Medina on February 22,
2008 regarding this appeal.

All submitted documentation and supporting arguments have been considered.
Additionally, a thorough examination has been conducted regarding the claim
presented by the appellant and evaluated in accordance with Salinas Valley
State Prison Operational Procedures (OP); the CCR; and the Departmental
Operations Manual (DOM).

The appeal was originally submitted to the Hiring Authority and rejected as a
staff complaint. The appeal was screened for time constraints. On February 19,
2008 SVSP received notification that the appeal would be re-opened and
responded to as a cell search appeal.

The appellant states that he was subject to a retaliatory cell search due to his
refusal to participate in facility interviews. However, the appellant has provided
no evidence that the cell search was anything other than routine.

Custody staff assigned to housing units are required to conduct cell searches on
second watch and third watch. These cell searches are to be conducted daily.

**Inmate FOSSELMAN, P-13462**
**Appeal Log Number SVSP-08-00904**
**Page 2**

The appellant identified Officer Martin as the officer who attempted to escort the appellant for an interview and who, the following day, conducted a cell search of the appellant.

The reviewer was unable to identify Officer Martin. The Personnel Office had seven (7) Martins on file. During interview, the appellant provided no additional information that would identify this officer.

The appellant, in his appeal or during interview, did not identify witnesses to the alleged event or identify any confiscation/damage of personal property as a result of the cell search.

On February 22, 2008 the reviewer interviewed Officer Caropreso. Although Officer Caropreso had no memory of the alleged event, Officer Caropreso stated that he had never engaged in any retaliatory cell searches of any inmate. He also stated that he conducted all cell searches in a professional manner. Lastly, he stated that if he were aware of any staff conducting retaliatory cell searches or not conducting cell searches in a professional manner, he would bring the matter to his supervisor immediately.

On February 22, 2008 the Facility C Captain, V. Solis, was interviewed by the reviewer. Cpt. Solis stated that custody supervisors are expected to routinely review the housing unit cell search log books. The review of the log books is to ensure that cell searches are being conducted consistently and to identify any anomalies that would indicate any inappropriate searches. Cpt. Solis confirmed that supervisory staff would take immediate and appropriate action if any misconduct was identified during their reviews.

Based on a review of the officer's testimony and a lack of any supporting documentation or witnesses that would indicate the search was anything other than routine, the reviewer determines that the appellant's cell was searched per CCR 3287.

The appellant requests that his privileges be restored.

This issue is moot as the appellant is housed in Administrative Segregation for an unrelated charge.

The appellant requests that he not be subject to any retaliatory cell searches.

This portion of the appeal is granted in that it is the expectation of every correctional employee that they perform their duties in a professional manner. It is also the expectation that any correctional employee that is aware of any misconduct shall report that misconduct immediately.

The appellant requests that he not be subject to interview chronos.

**Inmate FOSSELMAN, P-13462**
**Appeal Log Number SVSP-08-00904**
**Page 3**

This issue has already been addressed at great length in several other appeals submitted by the appellant, and most recently addressed in SVSP-D-08-00904. Therefore, this appeal response will not address this duplicate issue/request.

**DECISION**: The appeal is PARTIALLY GRANTED.

The appellant is advised that this issue may be submitted for a Director's Level of Review, if desired.

G.A. NEOTTI
Chief Deputy Warden
Salinas Valley State Prison

ate of California    **INMATE / PAR.       APPEAL SCREENING FORM        rtment of Corrections and Rehabilitation**
CDCR-695

MATE: _Fosselman_    CDC #: _P-13462_    CDC HOUSING: _C8-127_

THIS IS NOT AN APPEAL RESPONSE – THIS APPEAL IS EITHER REJECTED FOR ONE OR MORE REASONS NOTED BELOW OR
RETURNED TO YOU TO ATTACH SUPPORTING DOCUMENTS.

<u>YOUR APPEAL IS BEING RETURNED TO YOU FOR THE FOLLOWING REASON(S):</u>

[ ] Duplicate Appeal; Same Issue
[ ] Do Not Combine Staff Complaints with Other Issues
[✓] Time Constraints Not Met   _12-5-06_
[ ] Cannot Submit On Behalf Of another Inmate
[ ] No Significant Adverse Effect Demonstrated
[ ] Pointless Verbiage/Appeal is vague
[ ] Incomplete 602
[ ] Attempting to Change Original Appeal Issue
[ ] Not Authorized to Bypass Any Level
[ ] Request for Interview; Not an Appeal
[ ] Numerous and separate Issues

[ ] Limit of One Continuation Page May Be Attached
[ ] Inappropriate Statements
[ ] Action / Decision Not Taken By CDCR
[ ] DRB Decisions Are Not Appealable
[ ] Appealing Action Not Yet Taken
[ ] May Submit One (1) Non-Emergency Appeal Per Week
[ ] Not A Request Form; Use CDCR-7362 – to access Medical
     Services, submit your request on a CDCR Form 7362.
     If necessary, sign up for sick call.
[ ] Write your appeal in black or blue ink, this is a legal
     document and pencil/inks other than black or blue do
     not copy legibly

**PLEASE FOLLOW INSTRUCTIONS AND <u>RETURN YOUR CDC 602 WITHIN 15 WORKING DAYS</u>**
Comments:  You may write on back of this form to clarify or respond to the above.

_date of search = 10/22/06_
_date of Appeal = 11/14/06_                                RE

_le Issue I'm appealing transpired on 10-22-06_
_I sent my appeal thru institution mail on_
_11-9-06 By giving it to officer at mail pick up._
_Self within 15 working days, It's of no fault of_
_petitioner what officers or mail room staff do with_
_appeal after submitted, possibly Holiday weekend_
_caused back log and delay. (4-day weekend_

_Furthermore, 10-23 til 11-9 when submitted, is only_
_14 working days!_

_— J. Fosselman, 12-05-06_

Eloy Medina, CC-II                          Date: _11/14/06_
Appeals Coordinator

This screening action may not be appealed. If you allege the above reason is inaccurate, then attach an explanation
on a separate piece of paper, or use the back of this screen out – *do not write any more on the appeal itself.* Please
return this form to the Appeals Coordinator with the necessary information attached.

<u>Proof of Service By Mail</u>

I am a Resident of Delano CA I am over the age 18 years and the plaintiff in this cause of action my address is <u>Kern Valley State Prison P.O. Box 5101 Delano CA 93216</u>.

On June 11th 2008 I served within

1) Supplement To Request for Judicial Notice attachment

By placing a True Copy thereof in a sealed envelope addressed as follows and mailing it to

Michael Quinn
Dept. of Justice / Office of Attorney General
455 Golden Gate Ave Suite 11000
SanFrancisco  CA  94102.7004

I declare under penalty of perjury that the foregoing is True & Correct Executed This 11th of June 2008

Lorenzo Fosselman Jr.
LORENZO FOSSELMAN JR.

LORENZO FOSSELMAN JR.
# P.13462
KERN VALLEY STATE PRISON
B1.1   204   P.O. BOX 5101
DELANO CA  93216

...llev State Plison"
...n1

CLERK: U.S. DISTRICT
FOR THE NORTHERN DI
OF CALIFORNIA
450 GOLDEN GATE A
SAN FRANCISCO, CA

