1  LORENZO FOSSELMAN JR.
2  # P-13462
3  K.V.S.P.  P.O. BOX 5101
4  Delano CA 93216
5  In-pro-per.

FILED
08 AUG 15 PM 2:26
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LORENZO FOSSELMAN JR.
   Plaintiff

V.S.

M.S. EVANS ET al.
   Defendants

CASE NO. C-07-2606 PJH (PR)

NOTICE OF MOTION (and) MOTION for LEAVE TO FILE 2ND Supplemental AMENDMENT TO Complaint.

TO: Honorable Phyllis J. Hamilton.
(and) TO: Michael J. Quinn, attorney for Defendants, Nilsson; Beitty; Martin; Chavez; Atchely; M. Moore; Neotti; Evans; Ponders; E. Moore; Hernandez; Bocella, Celaya, Mensing, Caropreso, and Medina.

Please take notice that plaintiff, Lorenzo Fosselman Jr. moves this court for leave to file 2nd Supplemental amendment to the complaint pursuant Rule 15, of the Federal Rules of Civil procedure, to add the duration of Denial of fresh

NOTICE OF
2nd Suppl Amend.                1.)                 Fosselman J. Evans ET al.
                                                    C-07-2606 PJH (PR)

1  and Exercise, from 25 weeks as stated in the Complaint, to
2  Approximately 55 weeks total. (At the time of filing this action,
3  Lockdowns/modified programs were on going at S.V.S.P.)
4  See: (Exhibit 1, Administrative Appeal Log# SVSP-07-02917)
5   This motion is based on this Notice of Motion, the supporting
6  Memorandum of points and Authorities, the supporting declarations
7  pleadings and records on file with the court.
8
9  Dated: 7-29-08
10                                          Respectfully Submitted
11                                          /s/ Lorenzo Fosselman Jr.
12                                          LORENZO FOSSELMAN JR.
                                            IN PROPER

13
14
...
27

Notice of 2nd Suppl Amend    2.)         Fosselman v. Evans et al.
                                          C-07-2606 PJH (pr)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

LORENZO FOSSELMAN Jr.
Plaintiff

V.S.

M.S. EVANS ET al.
Defendants

CASE NO. C-07-2606 PJH (pr)

MEMORANDUM OF POINTS and AUTHORITIES, IN SUPPORT OF 2nd SUPPLEMENTAL AMENDMENT.

## I.

### STATEMENT OF CASE

Plaintiff LORENZO FOSSELMAN Jr., a prisoner (pro-per) in the custody of the California Department of Corrections & Rehabilitation (C.D.C.R), filed a Civil Rights complaint against the warden of Salinas Valley State Prison (S.V.S.P.) for their underground practices & policies of forcing plaintiff to participate in interviews/interrogations, their retaliatory actions when plaintiff declined to speak or sign the official documents, their issuing false Rule Violation Reports (R.V.R's), and isolating plaintiff in the Behavior Modification Unit (B.M.U.), and

2nd Suppl' Amend' P's & A's            1.)            Fosselman V. Evans et al.
                                                      C-07-2606 PJH (pr)

denying him the same privileges that were afforded to other prisoners similarly situated, including but not limited to, access to the yard, denying him fresh-air & exercise opportunities long periods at a time. See: (Compl ¶¶ 21)

On November 7th 2007 this Court screened plaintiff's complaint under 28. U.S.C §1915 A. (Order of Service) The Court found that plaintiff's allegations were sufficient to require a response.

Defendants submitted a motion to dismiss plaintiff's action under the non-enumerated portion of rule 12(b) alleging plaintiff failed to exhaust his administrative remedies.

Plaintiff opposed this motion, which is currently under submission.

## II.
## FACTS

In the complaint plaintiff alleged to have been denied any fresh air & exercise for a period of between 20 & 25 weeks. (Compl ¶¶ 21 and pl. Decl in supp of Compl at ¶¶ 6) However plaintiff was actually confined to his cell much longer than that, upon filing this complaint, plaintiff was still on modified program, due to on going conflicts which did not involve him, one went into effect on 4-20-07, and continued into another, modified order on 6-4-07,



2nd Suppl' Amend' p's & A's          2.)          Fosselman v. Evans et al.--
                                                  C-07-2606 PJH (pr)

1  Due to a riot, in another area on the facility, this modified
2  order was not lifted for plaintiff until late December 2007
3  close to 6 months after the incident, that he had absolutely
4  nothing to do with. (and staff knew this because he had
5  already been isolated in the B.M.U section since September
6  2006,) furthermore the administration transferred everyone
7  who was involved in the incident, either to Ad-seg, or to
8  other institutions.
9      As stated plaintiff was not afforded "any" outdoor exercise
10 opportunities until, on or about 12-26-07, see (Ex 1, Grievance
11 Log# S.V.S.P-07-02917)(attached hereto) which brought plaintiff's total
12 combined deprivation of yard & continued confinement to approximately
13 57 weeks. Due to the fact that he was previously already on
14 a modified/loss of privilege status, as a result of the rules
15 violations Ajudications, for refusing to interview. (Log# SVSP 06-12-0043,
16 and SV.SP-07-01-0044,) at (Compl' Ex "E", "I", and "M").
17
18      During this time period defendants made no efforts
19 to provide plaintiff with any type of alternative, such as access
20 to the mini yard for walk alone exercise & fresh air opportu-
21 -nities, for the 10 hours a week, he suggested in his appeal
22 at (Ex 1) which are the provisions for prisoners in
23 Administrative Segregation. Despite being aware of the excessive
24 period of time plaintiff had been without yard access,
25 defendants refused to even give him access at 1 hour
26 a week. Clearly this was a violation of the Eighth
27 Amendment.



2nd Suppl' Amend' p's & A's          3.)          Fesselman v. Evans et al...
                                                  ... C-07-2606 PJH (PR)

1  At the time of filing the first amended complaint, this
2  issue was still being exhausted through institutional
3  channels and was not fully exhausted until 12-18-07 (EX 1)
4
5       Plaintiff hereby requests all portions in the complaint,
6  and Plaintiff's declaration attached to the complaint which
7  refer to deprivation of outdoor exercise be changed
8  from 25 weeks as previously alleged to approximately
9  50 to 57 weeks.
10
11              III.
12          Conclusion
13
14   The court should grant leave freely to supplement
15   his complaint to add this additional information
16   FOMAN V. DAVIS 371 U.S. 178, 182 (1962). That was
17   ongoing at time of filing of the complaint.
18
...

2nd Supp. Amend P's & A's      4.)         Fosselman V. Evans et al ---
                                              --- C-07-2606 PJH/PR)

## Declaration of Lorenzo Fosselman Jr.

I Lorenzo Fosselman Jr. Declare:

I am the plaintiff in the above case, and if called upon to testify I would do so.

1.) On 6-21-07, I filed a grievance, requesting mini walk alone yard, for exercise & fresh air. Due to on going lock downs and modified programs on the facility. [Ex 1] is a true copy of this grievance.

2.) This Appeal was denied throughout all (3) stages of the appeal process & on 12-21-07, I received the final response from Chief Inmate Appeals Branch. [Ex 1] is a true copy of their response.

I declare under penalty of perjury that the foregoing is true & correct executed this 30th day of July 2008 at Kern Valley State Prison in Delano CA 93216.

*Lorenzo Fosselman Jr.*
Lorenzo Fosselman Jr.

Pl. Decl. 2nd Suppl' Amend.   1.)  Fosselman V. Evans et al..
C-07-2606 PJH (pr)

PRISONER Appeal Requesting york Log# SJSP-C-07-02917

EXHIBIT 1

STATE OF CALIFORNIA                                                                        DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region  Log No.  Category
1. SVSP  C   1. 07-03917   11
2. _____  2. _____

C8

AREA OF ORIGIN _____
CAZ 25

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

Yard Scheduling

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Fosselman, L | P-13462 | Yard Crew | C-8 130 |

A. Describe Problem: Due to SVSP Administrations, policies and procedures concerning, Lockdowns - Appellant is not being afforded "any" outdoor fresh air or exercing opportunities, this is an on practice/problem, and as such my physical, mental & spiritual well being is deteriorating.

RECD JUN 2 6 2007

If you need more space, attach one additional sheet.

B. Action Requested: Access to concrete yard 10 hours a week, or 1 hour 3 days a week, during modified program. No adverse actions be taken against me in retaliation for initiating this grievance.

Inmate/Parolee Signature: _Fossel Lorenzo_   Date Submitted: 6-25-07

C. INFORMAL LEVEL (Date Received: 6/28/07)

Staff Response: Partially granted per CCR title 15 section 3084.1(d). No reprisal shall be taken against an Inmate or parolee for filing an Appeal. As for Exercising opportunities out of cell, per the program status report Part B Plan of Operation/Staff - Inmate Notification dated 6-11-07 signed by CPT. G Ponder the "C" Facility Captain, there are NO Recreational activities.

Staff Signature: _____   Date Returned to Inmate: 6/28/07

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

I'm Requesting Higher Review. Due to the situation that no _____ for access to Miniyard for fresh air, _____ purposes are in place, And I'm being confined to my cell 24 hours a day, 7 days a week. As it stands now.

Signature: _Fossel Lorenzo_   Date Submitted: 6-28-07

RECEIVED
RECD JUL 0 2 2007
SEP 24 2007
INMATE APPEALS BRANCH

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim.   CDC Appeal Number: _____

First Level: ☐ Granted   ☒ P. Granted   ☐ Denied   ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: **7-3-07**    Due Date: **8-14-07**

Interviewed by: **SEE ATTACHED**

> SVSP INMATE APPEALS OFFICE
> RECEIVED COMPLETED RESPONSE ON
> JUL 19 2007
> 1ST LVL ☒   2ND LVL ☐

Staff Signature: _____ Atchley    Title: **Sgt.**    Date Completed: **07/13/07**
Division Head Approved:
Signature: _____    Title: **CM2**    Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

No efforts are being made to give an alternative such as the concrete walk alone yard, which is designed for situations like lockdowns/modified. It's now been 4 months almost being kept confined 24 hours a day. Higher review is requested.

Signature: *Jessie Lorenzo*    Date Submitted: **8-8-07**

DELIVERED AUG 08 2007
REC'D AUG 09 2007

Second Level: ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: **8/9/07**    Due Date: **9/7/07**
☐ See Attached Letter

Signature: _____    Date Completed: **9-7-07**
Warden/Superintendent Signature: _____    Date Returned to Inmate: _____

DELIVERED SEP 07 2007
DELIVERED SEP 17 2007

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

I'm dissatisfied based on it's RECD SEP 17 2007 been (5 months) of continued lock-down & appellant has been confined to his cell 24 hours a day with no action of any walk alone yard access. even though SVSP has provision in place to afford me fresh air and exercise opportunities without placing no ones health & safety in jeopardy. As a result of this current deliberate indifference, I/we appellant is suffering!

Signature: *Jessie Lorenzo*    Date Submitted: **9-19-07**

DELIVERED SEP 18 2007

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted   ☐ P. Granted   ☒ Denied   ☐ Other _____
☒ See Attached Letter                                     Date: **DEC 18 2007**
CDC 602 (12/87)

RECEIVED SEP 24 2007
INMATE APPEALS BRANCH

State of California                                   California Department of Corrections and Rehabilitation

# APPEAL - FIRST LEVEL REVIEW
## SALINAS VALLEY STATE PRISON

**DATE:** 07/06/07

**NAME:** Fosselman        **CDC #** P13462

**APPEAL #:** FIRST LEVEL APPEAL #SVSP-C-07-02917

**APPEAL DECISION:** Partially Granted

**SUMMARY OF APPEAL:** The appellant states that, due to the current modified program, he is not being afforded any out of cell activities. The appellant claims that his "physical, mental and spiritual well being is deteriorating".

The appellant is requesting (10) hours of yard access a week and no adverse action due to this appeal.

**SUMMARY OF INVESTIGATION:** On 07/07/07, the appellant was interviewed by Officer B. Chavez. Inmate Fosselman provided no information during his interview to support the facts or evidence noted in his appeal.

**APPEAL RESPONSE:** On 06/04/07, Facility C was placed on modified program due to riots SVP-FCG-07-06-0370 and SVP-FCY-07-06-0371. Per the current Plan of Operations, dated 06/12/07, the affected inmate population will remain on modified program until all interviews and a through investigation are complete.

The reasoning behind the interview process is related to penological interests of safety and security. A comprehensive assessment of the incident must be made before returning the facility to normal programming to reduce the potential for further violence or an additional disturbance.

An incident of this magnitude has a far more reaching area other then the effected facility and those inmates and personnel assigned to it. As the investigation and interviews are continued; assessments are made, and those programs that can safely function will be returned to normal. It is the responsibility of administration to ensure the security of the institution and the safety of those individuals contained within it.

No yard access will be granted until the review is complete. No adverse action will be taken against the appellant for filing this appeal.

If you are dissatisfied with this decision, you may appeal to the Second Level by following the instructions on your appeal form.


M. Atchley
Correctional Sergeant
Salinas Valley State Prison

G. Ponder
Correctional Captain
Salinas Valley State Prison

State of California                                    Department of Corrections and Rehabilitation

# Memorandum

Date:     September 7, 2007

To:       Inmate Fossleman, P13462
          Salinas Valley State Prison

Subject:  SECOND LEVEL APPEAL RESPONSE LOG NUMBER-SVSP-C-07-02917

### ISSUE:

Appellant contends he is being deprived access to yard activities which is detrimental to his well being.

Appellant requests on appeal that program be reinstated...

**REGULATIONS**: The rules governing this issue are:

PC 5054 Control of Penal Institutions and Inmates
CCR 3005 (b) Conduct
DOM 55015 Unlock Protocol Guidelines CONFIDENTIAL

### SUMMARY OF INVESTIGATION:

The First Level of Review (FLR) was bypassed per CCR 3084.5 (b). The appellant was interviewed Correctional Lieutenant J. Celaya was assigned to investigate this appeal at the Second Level of Review. All submitted documentation and supporting arguments have been considered. Additionally, a thorough examination has been conducted regarding the claim presented, and evaluated in accordance with Salinas Valley State Prison (SVSP) Operational Procedures (OP); the California Code of Regulations (CCR); and the Departmental Operations Manual (DOM).

In accordance with the California Penal Code §Control of penal institutions and inmates; the supervision, management and control of the state prisons is vested with the Director. Through the Policies and Regulation Branch, the Director for the California Department of Corrections and Rehabilitation has established the unlock protocol process as a meaningful and necessary means of assessing incidents of this magnitude. Those departmental regulations are outlined in confidential DOM §55015, Unlock Protocol Guidelines.

DOM §55015 is confidential therefore, the specifics of the regulation will not be released to the appellant. The intent of the protocols is to ensure the safety and security of the institution. Procedures such as the interview process and incremental releases, as well as other tools are put in place to assist the managers in maintaining staff and inmate safety.

Inmate Follelman, P13462
Case No. SVSP-C-07-02917
Page 2

The appellant was informed that CDCR rules require that institutional security and the safety of persons shall take precedence over all other considerations. It is standard practice in the Department to place a facility on modified program after disturbances. It is also appropriate for staff to investigate and question the inmate population to ascertain the current safety of staff and other inmates on a given facility. These factors are of sufficient importance that the Warden or his designee has deemed it a temporary operational necessity. The institutional head has the authority and responsibility to operate the institution in a safe and secure manner. The inmate population is expected and required to follow all such modifications. As such the actions of any inmate(s) on specific facility may affect the program and/or services of the inmate population as a whole.

The review process is still on going and an incremental release is currently underway on Facility C. Return to normal program will continue to progress based on the information available to staff regarding identifiable threats to staff and inmates.

The appellant was advised that programs are in place to assist him with any medical and/or psychological needs he may have and to contact his housing and/or medical staff.

**DECISION**: The appeal is Denied.

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.

G.A. NEOTTI
Chief Deputy Warden
Salinas Valley State Prison

# INMATE APPEAL ROUTE SLIP

RECEIVED
JUL 5 2007
AW/COMPLEX II

**To: CA2**

RECEIVED
JUL 0 5 2007

Date: July 3, 2007

From: INMATE APPEALS OFFICE

Re: Appeal Log Number **SVSP-C-07-02917** By Inmate **FOSSELMAN, P13462**

Please assign this appeal to appropriate staff for **FIRST** level response.

Appeal Issue: PROGRAM

DUE: 7/20/07

Due Date: ~~08/14/2007~~

Special Needs:

STAFF INSTRUCTIONS: **Per Director's Rule 3084.5(f) (2) first level appeal review requires a personal interview with the inmate unless the appeal is granted**. This policy is not within the institution's jurisdiction and cannot be waived. Director's Rule 3084.5(f) (3) provides that a telephonic interview may be conducted if the inmate is not available in person.

Begin response with GRANTED, DENIED, PARTIALLY GRANTED or WITHDRAWN. When complete, return appeal to the Appeals Office. All first level appeals require signature of the Division Head. Appeals that are incomplete will be returned for appropriate completion.

Refer to D.O.M. 54100 for instructions.


T. VARIZ, CC-II / E. MEDINA CC-II
Appeals Coordinators
Salinas Valley State Prison

DELIVERED AUG 0 8 2007

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date:    DEC 1 8 2007

In re:   Lorenzo Fosselman, P13462
         Salinas Valley State Prison
         P.O. Box 1020
         Soledad, CA 93960-1020

IAB Case No.: 0709661         Local Log No.: SVSP-07-02917

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner R. Pennington Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:** It is the appellant's position that due to the current modified program, he has not been afforded any out of cell activities. The appellant states that his physical, mental and spiritual well being is deteriorating." The appellant is requesting ten hours of yard access a week and no adverse action due to this appeal.

**II   SECOND LEVEL'S DECISION:** On July 7, 2007, the appellant was interviewed by Correctional Officer B. Chavez. The appellant was informed that on June 4, 2007, Facility "C" was placed on modified program due to a riot. Per the current Plan of Operations, dated June 12, 2007, the affected inmate population will remain on modified program until all interviews and a thorough investigation are completed. The reasoning behind the interview process is related to penological interests of safety and security. A comprehensive assessment of the incident must be made before returning the facility to normal programming to reduce the potential for further violence or an additional disturbance. An incident of this magnitude has a far more reaching area other then the effected facility and those inmates and personnel assigned to it. As the investigation and interviews are continued, assessments are made, and those programs that can safely function will be returned to normal programming. It is the responsibility of the administration to ensure the security of the institution and the safety of those individuals contained within it. No yard access will be granted until the review is completed. No adverse action will be taken against the appellant for filing this appeal.

The appellant was advised that in accordance with the California Penal Code Section 5054, Control of Penal Institutions and Inmates, the supervision, management and control of the State Prisons is vested with the Director. Through the Policies and Regulations Branch, the Director for the CDCR has established the unlock protocol process as a meaningful and necessary means of assessing incidents of this magnitude. Those departmental regulations are outlined in confidential CDC Operations Manual Section 55015, Unlock Protocol Guidelines. Therefore, the specifics of the regulation will not be released to the appellant. Procedures such as the interview process and incremental releases, as well as other tools are put in place to assist the managers in maintaining staff and inmate safety. The appellant was informed that CDCR rules require that institutional security and the safety of persons shall take precedence over all other considerations. It is standard practice in the Department to place a facility on modified program after disturbances. It is also appropriate for staff to investigate and question the inmate population to ascertain the current safety of staff and other inmates on a given facility. These factors are of sufficient importance that the Warden or his designee has deemed it a temporary operational necessity. The institutional head has the authority and responsibility to operate the institution in a safe and secure manner. The inmate population is expected and required to follow all such modifications. As such the actions of any inmate(s) on a specific facility may affect the program and/or services of the inmate population as a whole. The review process is still ongoing and an incremental release is currently underway on Facility "C." The return to a normal program will continue to progress based upon the information available to staff regarding identifiable threats to staff and inmates. The appellant was advised that programs are in place to assist him with any medical and/or psychological needs he may have and to contact his housing and/or medical staff. The appeal was denied at the Second Level of Review (SLR).

LORENZO FOSSELMAN, P13462
CASE NO. 0709661
PAGE 2

**III DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A. FINDINGS:** Despite the appellant's dissatisfaction, he has been provided with an appropriate response from the previous levels of review. The SLR was appropriate and consistent with established policy and procedures. The overall safety and security of the entire institution must be considered over the need for program and recreation. The institution has acted appropriately in denying the appellant's request. Based upon the information as it has been presented there shall be no additional relief afforded to the appellant at the Third Level of Response.

**B. BASIS FOR THE DECISION:**
California Code of Regulations, Title 15, Section: 3001, 3005, 3084.5, 3190, 3270, 3271, 3300, 3301, 3380

**C. ORDER:** No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:   Warden, SVSP
      Appeals Coordinator, SVSP

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

LORENZO FOSSELMAN JR.
    Plaintiff

vs

MS. EVANS ET al....
    Defendants

CASE NO. C-07-2606 PJH (pr)

[PROPOSED] ORDER

Plaintiff, Lorenzo Fosselman Jr. filed a motion requesting a supplemental amendment to his complaint. Good cause appearing his motion is GRANTED.

IT IS SO ORDERED....

                            Hon. Phyllis J. Hamilton
                            U.S. District Judge

[PROPOSED] ORDER     1.)     FOSSELMAN V. EVANS ET al.
                             C-07-2606 PJH (pr)

## Proof of Service by Mail

I am a resident of Delano CA I am over the age of 18 years and the plaintiff in this cause of action My address is KERN VALLEY STATE PRISON P.O. BOX 5101 Delano CA 93216

On August 7th 2008 I served within

1.) 2nd Supplement to Complaint

By placing a true copy thereof in a sealed envelope addressed as follows, postage prepaid & mailing it with officer to.

Michael J. Quinn
Dept. of Justice / Office of Attorney General
455 Golden Gate Ave Suite 11000
San Fran CA 94102-7004

I declare under penalty of perjury that the foregoing is true & correct executed this 7th day of August 2008

*Lorenzo Fosselman Jr.*
LORENZO FOSSELMAN Jr.

LORENZO YOSSELMAN JR.
# F-13462
KERN VALLEY STATE PRISON
A.1 204 P.O. Box 5101
DELANO CA 93216

Kern Valley State Prison
Facility A, Building 1

CLERK
U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF CALIFORNIA
450 GOLDEN GATE AVE
SAN FRANCISCO CA 94102

