UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LORENZO FOSSELMAN, JR.,

    Plaintiff,

v.

M. S. EVANS (Warden); G. NEOTTI (Deputy Warden); G. PONDERS (Captain); J. CELAYA (Lieutenant); E. MOORE (Lieutenant); R. BOCCELLA (Lieutenant); M. MOORE (Chief Disciplinary Officer); M. NILSSON (Sergeant); J. MENSING (Sergeant); M. ATCHLEY (Sergeant); E. MEDINA (Appeals Coordinator); B. CHAVEZ (Correctional Officer); D. BEATTY (Correctional Officer); E. HERNANDEZ (Correctional Officer); J. CAROPRESO (Correctional Officer); MARTIN (Correctional Officer); and JOHN DOES 1-20,

    Defendants.

No. C 07-2606 PJH (PR)

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS; RULINGS**

This is a civil rights case filed pro se by a state prisoner. Plaintiff contends that his First Amendment rights were violated when, saying he did not want to be a snitch, he refused to be interviewed as part of an investigation. Defendants Nilsson, Beatty, Martin, Chavez, Atchley, M. Moore, Neotti, Evans, Ponders, E. Moore, Hernandez, Boccella, Celaya, Mensing, Caropreso, and Medina have now filed an unenumerated motion to dismiss in which they contend that plaintiff failed to exhaust administrative remedies.[1] Plaintiff has opposed the motion and defendants have replied. Plaintiff has also filed several other motions. For the reasons set out below, the motion to dismiss will be denied.

---

[1] The movants are all the defendants except the Does.

**DISCUSSION**

**I.      Plaintiff's Motion to Take Judicial Notice**

Plaintiff asks the court to take judicial notice of a state superior court ruling in which the court partially granted his habeas petition and ordered the prison to process two of his administrative appeals (grievances).

A district court "may take judicial notice of proceedings in other courts, both within and without the federal judiciary system, if those proceedings have a direct relation to matters at issue." *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (internal quotation marks and citations omitted). But a federal district court may not take judicial notice of findings of fact in another court case for the truth of those facts. *M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983) (stating general rule that "a court may not take judicial notice of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause before it"). That is, in this case the court can take judicial notice of the state court's ruling in the sense of what the court said and what it ordered, but cannot take notice of the state court's finding that two of plaintiff's grievances were wrongly screened out. The lack of judicial notice of the state court's findings makes no difference, however, because plaintiff has supplied evidence that the grievances were wrongly screened out in his declaration and attachments. In any event, the motion will be granted and the court will take judicial notice of the state court ruling.

**II.     Defendants' Motion to Dismiss for Failure to Exhaust**

The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. *Porter v Nussle*, 122 S. Ct. 983, 988 (2002). All available remedies must now be exhausted; those remedies "need not meet

federal standards, nor must they be 'plain, speedy, and effective.'" *Id.* (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. *Id.*; *Booth v Churner*, 532 U.S. 731, 741 (2001). Similarly, exhaustion is a prerequisite to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter*, 122 S. Ct. at 992.

The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers. *See id.* § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. *See id.* § 3084.5; *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). A final decision at the director's level satisfied the exhaustion requirement under § 1997e(a). *Id.* at 1237-38.

Nonexhaustion under § 1997e(a) is an affirmative defense. *Wyatt v Terhune*, 315 F.3d 1108, 1119 (9th Cir 2003). It should be treated as a matter of abatement and brought in an "unenumerated Rule 12(b) motion rather than [in] a motion for summary judgment." *Id.* (citations omitted). In deciding a motion to dismiss for failure to exhaust administrative remedies under § 1997e(a), the court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. If the court concludes that the prisoner has not exhausted California's prison administrative process, the proper remedy is dismissal without prejudice. *Id.* at 1120.

It is undisputed that plaintiff did not exhaust any grievance through the third and final formal level before filing his case. He contends, however, that he attempted to do so in an administrative appeal dated November 5, 2006, but the appeal was screened out and

3

returned to him as untimely. Pl's Opp'n (document 25) at 1, 3-4. As he did in state court, plaintiff has proved with his declaration and attachments that the grievance was placed in the prison mail system on November 9, 2006, and thus was filed within fifteen working days of the alleged retaliatory action. *See id.*, Attach. Decl. Fosselman. The prison's erroneous refusal to consider his grievance meant that no administrative remedy was "available" to him, and thus that the claim involving the events on October 21 and 22, 2006, was exhausted prior to filing.

Plaintiff also filed a grievance dated January 7, 2007, which was screened out on grounds plaintiff had not demonstrated that there had been an adverse effect upon his welfare from his refusal to interview. In the grievance he had alleged that his privileges (which were specified) had been restricted as a result of his refusal to interview, and he attached to the grievance a memorandum from defendant Ponder restricting privileges. Compl., ex. L. As he did in state court, plaintiff has proved that the refusal to entertain the grievance was erroneous and that as to this claim no administrative remedies were available to him.

The motion to dismiss will be denied.

**III.    Plaintiff's Other Motions**

Plaintiff has moved for leave to amend to add a claim that his First Amendment rights were violated by the appeals coordinator's refusal to entertain the grievances discussed above. Although there certainly is a right to petition government for redress of grievances (a First Amendment Right), there is no right to a response or any particular action. *Flick v. Alba*, 932 F.2d 728 (8th Cir. 1991) ("prisoner's right to petition the government for redress ... is not compromised by the prison's refusal to entertain his grievance."). The proposed additional claim thus does not state a claim. Amending to add this claim thus would be futile. *See Schmier v. United States Court of Appeals*, 279 F.3d 817, 824 (9th Cir. 2002) (leave to amend may be denied on grounds of futility).

In the same motion plaintiff asks leave to amend to name one of the Doe defendants. In paragraph sixty-four of his amended complaint plaintiff alleged that Does 1-

4

opened and read legal mail – in fact, the complaint in this case – and that a Doe trust officer did not sign a certificate of funds for his in forma pauperis application until twenty-one days after he had asked.  He says that the prison trust officer who delayed signing his account statement for his in forma pauperis application in this case was B. Lazzaroni.  He does not allege any injury from the trust officer's delay, and in fact in forma pauperis status was granted in this case.  Allowing the amendment would be futile.

The motion will be denied.

In another motion for leave to amend, plaintiff asks leave to allege a longer period of deprivation of outdoor exercise, simply because of the passage of time since the complaint was filed.  It is unnecessary to amend to add such allegations, going as they do only to damages.  The motion will be denied.

## CONCLUSION

Plaintiff's request that the court take judicial notice of the decision of the California District Court for Monterey County in case number HC 5680 (document number 27 on the docket) is **GRANTED**.  His motions for leave to amend (documents number 26 and 38) are **DENIED**.  Defendants' motion to dismiss (document number 19 on the docket) is **DENIED**.

The discovery stay issued in this case is **LIFTED**.  Discovery shall be completed by November 10, 2008.  Dispositive motions are due by December 15, 2008, and any opposition to a dispositive motion shall be filed within thirty days of the date the motion is served.  If a party desires to file a reply to an opposition, it shall be filed within fourteen days of the date the opposition is served.  Dispositive motions will be considered without oral argument unless the court orders otherwise at a later date.

**IT IS SO ORDERED.**

Dated: September 24, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.07\FOSSELMAN2606.MDSMSS.wpd

5