United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LORENZO FOSSELMAN, JR., | |
| Plaintiff, | No. C 07-2606 PJH (PR) |
| v. | **ORDER RULING ON PENDING MOTIONS AND SETTING DEADLINES** |
| M. S. EVANS (Warden); et al., | |
| Defendants. | |

This is a civil rights case filed pro se by a state prisoner. Defendants' motion to dismiss for failure to exhaust was denied. Defendants then filed a motion for summary judgment. In response, plaintiff moved under former Rule 56(f) of the Federal Rules of Civil Procedure to continue or deny the motion because he was unable to oppose it properly,[1] and to compel discovery responses. The court granted the motion to compel in part and denied it in part in an extensive ruling, and granted the Rule 56(f) motion, denying defendants' summary judgment motion with leave to renew it by reference if necessary. The court also stayed the case and referred it to Magistrate Judge Nandor Vadas for possible settlement. Judge Vadas reported that the case did not settle, so the court lifted the stay and set a new scheduling order. Both sides have filed several motions.

**DISCUSSION**

In its order lifting the stay that had been imposed for settlement discussions, the court ordered defendants to comply with its previous order granting plaintiff's motion to

---

[1] The rule has been revised and renumbered 56(d). It still provides that a motion for summary judgment may be denied or ruling on it deferred if the nonmovant shows that he or she cannot present facts essential to opposing it. *See* Fed. R.Civ.P. 56(d)(1).

compel. Plaintiff contends that their response is inadequate, and so has filed another motion to compel, a request for an extension of time to oppose the summary judgment motion, a motion under Rule 56(d) to deny or continue the ruling on the motion for summary judgment, and, because defendants want the court to allow certain documents to be filed under seal, appointment of counsel who could review the sealed documents. Defendants have renewed their motion for summary judgment by reference and moved for a stay of discovery. They also have filed two motions relating to the confidential documents.

### 1. Defendants' Motions

The court determined in its order of service that plaintiff's First Amendment/due process retaliation claim was sufficient to require service of the complaint, but did not mean to imply that only that claim was sufficient to proceed. None of the other claims contained in the First Amended Complaint were dismissed. The complaint contains several more claims; they are discussed further in section four, below.

The only ground for defendants' motion to stay discovery is their contention that their qualified immunity ground in the motion for summary judgment may dispose of the case without need for further discovery. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (prisoner First Amendment retaliation case; district courts "should resolve [the immunity] question before permitting discovery" by assuming truth of plaintiff's factual allegations). But the summary judgment motion, including the qualified immunity argument, is directed to only two of plaintiff's issues, the First Amendment retaliation issue and the due process issue; it does not address the other claims listed in section four. In addition, plaintiff demands injunctive and declaratory relief in addition to damages, and qualified immunity applies only to damage claims. *See Walker v. Gomez*, 370 F.3d 969, 978 (9th Cir. 2004).

Because resolving the qualified immunity question would not dispose of the entire case, plaintiff would still be entitled to pursue discovery on those issues not addressed in the summary judgment motion, and a stay would not be appropriate. *See Panola Land Buyers Assoc. v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985) (motions to stay discovery

are not favored where resolution of the dispositive motion would not dispose of the entire case). The motion for a stay of discovery will be denied.

Defendants have renewed their summary judgment motion by reference and moved to seal documents, for a protective order, and for a stay of discovery. The request for a protective order and the request to seal both apply to only two items, section 55015 of the Department Operations Manual and Operational Procedure 23, which according to the declaration of Associate Warden Ponder "describe[] the prison's strategy in addressing incidents that threaten the safety and security of the institution and necessitate restricting inmates' movement and programs." Decl. Ponder (in support of mot. to seal) at ¶ 5. The court agrees that such material cannot be released to an inmate. The motions will be granted.

Defendants' motion for summary judgment will be discussed below.

2.  **Plaintiff's Motions**

Plaintiff requests appointment of counsel, contending that counsel is necessary to review the sealed documents.

There is no constitutional right to counsel in a civil case, *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981), and although district courts may "request" that counsel represent a litigant who is proceeding in forma pauperis, as plaintiff is here, *see* 28 U.S.C. § 1915(e)(1), that does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Plaintiff has done a good job of presenting his claims so far, and the issues are not complex. The problem of the sealed documents can be dealt with by in camera examination of them by the court, if necessary. The motion for appointment of counsel will

3

be denied.

Plaintiff contends in his motion to compel discovery that defendants' amended responses to his request for production of documents, which they supplied in response to the court's previous order granting a motion to compel production, still are unsatisfactory. Defendants oppose the motion on grounds plaintiff did not "meet and confer" prior to filing it, nor include with the motion a certificate that he had done so, both of which requirements of Rule 37(a)(1) of the Federal Rules of Civil Procedure. In his reply plaintiff says only that "there ha[ve] been several communication & motions filed by both parities[] concerning this issue sufficient enough to satisfy R.R.C.P. 37(a)." That is, he does not identify any specific communication that he contends constituted compliance with the meet and confer requirement, nor does he provide the required certificate. The motion to compel will be denied.

If plaintiff attempts to meet and confer (presumably by mail) with an eye to filing a new motion to compel, defendants might wish to bear in mind that Rule 26(b)(5) of the Federal Rules of Civil Procedure provides that:

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

As to documents for which attorney-client privilege or work product privileges are claimed, defendants must identify the lawyers involved in preparation of the documents and provide a description of the nature of the documents sufficient to enable plaintiff to assess the applicability of the claimed privilege. *See St. Paul Reinsurance Co., Ltd. v. Commercial Financial Corp.*, 198 F.R.D. 508, (N.D. Iowa 2000) (citing, e.g., *Pham v. Hartford Fire Ins. Co.*, 193 F.R.D. 659, 662 (D. Colo.2000); *Miller v. Pancucci*, 141 F.R.D. 292, 302 (C.D. Cal.1992) (stating that to properly claim attorney-client privilege, the claimant must specifically designate and describe the documents claimed to be within the scope of the privilege and to be reasonably precise in stating the reasons for preserving their

confidentiality).

### 3. Remaining Motions

Defendants' motion for summary judgment and plaintiff's motions for an extension of time to oppose the motion and to deny or continue it under Rule 56(d) remain. As noted above, the motion for summary judgment ignores several of plaintiff's claims, and plaintiff has argued that he needs the documents not supplied in defendants' amended response to his request for production in order to properly oppose summary judgment. Although the court is reluctant to delay this case any further, plaintiff's motion to deny the motion for summary judgment under Rule 56(d) will be granted and new deadlines for completion of discovery and for filing dispositive motions will be set.

### 4. Issues

To help define the issues, the court concludes that plaintiff's claims in his First Amended Complaint are that (1) defendants violated plaintiff's First and Fourteenth Amendment rights to refuse to interview by imposing "modified program" restrictions on him and by fabricating rule violation reports in retaliation for his refusal (this issue encompasses plaintiff's "causes of action" 1, 2, 3, 5, and 7); (2) defendants violated his First and Fourteenth Amendment rights by retaliating against him for filing administrative appeals (grievances) (cause of action 6); (3) defendants violated his Fifth Amendment rights by punishing him for refusing to speak (cause of action 4); (4) defendants violated his equal protection rights by treating him differently than other similarly-situated prisoners (cause of action 8); (5) certain defendants violated 42 U.S.C. § 1985 by conspiring to violate his constitutional rights (cause of action 9); (6) certain defendants violated 42 U.S.C. § 1986 by neglecting to prevent the conspiracy (cause of action 10); (7) the denial of outside exercise for many weeks violated his Eighth Amendment rights (cause of action 11); (8) defendants were deliberately indifferent to the risks to his safety of forcing him to interview (cause of action 12); (9) defendants violated his Eighth Amendment rights by inflicting "physical and mental pain & suffering" upon him in an attempt to extort a confession (cause of action 13); and (10) Does 1-3 violated his rights by opening and reading a document he was sending

to this court (cause of action 14).

## CONCLUSION

1. Defendants' motion for a stay of discovery (document number 80 on the docket) is **DENIED**.

2. Defendants' motion for a protective order permitting them to withhold from discovery section 55015 of the Department Operations Manual and Operational Procedure 23 (document 75) and motion to file those documents under seal (document 72) are **GRANTED**.

3. Plaintiff's motions for appointment of counsel (document number 85) and to compel (document 84) are **DENIED**.

4. Plaintiff's motion to deny the summary judgment motion under Rule 56(d) (document 83) is **GRANTED**.  His motion for an extension of time to oppose the summary judgment motion (document 82) is **DENIED** as moot.  The summary judgment motion (document 79) is **DENIED** without prejudice.

5. If defendants desire to file a motion to dismiss, they shall do so by April 18, 2011. If a motion to dismiss is filed, plaintiff's opposition is due within thirty days of service of it, and any reply within fourteen days of service of the opposition.

6. Discovery shall be completed by May 30, 2011.

6. Motions for summary judgment or other dispositive motions are due by June 27, 2011.  If a dispositive motion is filed, the nonmovant may file an opposition within thirty days of the date of service of the motion, and the moving party may file a reply within fourteen days of the service of the opposition.

7. Because of the age of this case, motions for extensions of time are discouraged.

**IT IS SO ORDERED.**

Dated:  March 15, 2010.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\CR.07\FOSSELMAN2606.misc.wpd

6